## No. 10,745.

### TOMAY, ET AL. v. CRIST, ET AL.

Decided May 5, 1924.   Rehearing denied June 2, 1924.

## Will contest. Judgment for proponent.

### *Affirmed.*

1. CORPORATIONS—*Charities—Affidavit.* Under the statute providing for the incorporation of educational societies, it is not necessary that the affidavit of incorporation specify the object or purposes of the association.

2. WILLS—*Contest—Capacity of Beneficiary—Burden.* In a will contest, it is incumbent upon the contestant to establish by a preponderance of the evidence that the beneficiary has not the capacity to take under the will, when that question is raised.

3. CORPORATIONS—*Charities—Existence.* Where a charity—a library association—was a beneficiary under a will, the question of whether, as affecting its capacity to take, it was an existing corporation, held a matter for the state.

4. *Affidavit—Secretary—Signature.* In the incorporation of an educational society under the provisions of section 2384, et seq., C. L. '21, where the affidavit shows that affiant was acting as

secretary, his signature without further designation, is sufficient.

5. CHARITIES—*Library Associations.* A library association is an educational society and a charity.

*Error to the County Court of Clear Creek County, Hon. George W. Dunn, Judge.*

Mr. JOHN J. WHITE, for plaintiffs in error.

Messrs. FILLIUS, FILLIUS & WINTERS, Mr. F. L. COLLOM, for defendants in error.

*Department Two.*

MR. CHIEF JUSTICE TELLER delivered the opinion of the court.

DEFENDANT in error Crist was the proponent of the will of one John Tomay, which will, executed in April, 1911, gave the entire estate of the testator to the Georgetown Library Association, of Georgetown, Colorado.

The plaintiffs in error, heirs of the testator, filed objections to the probating of the will, and the matter was duly heard in the county court of Clear Creek county. The will was admitted to probate, and the contestants bring the cause here for review.

In their behalf it is contended that the Library Association has no legal existence, and can not take as a beneficiary under the will. It is urged that the statute, under which an attempt was made to incorporate, was not followed, the proceeding being defective in several respects.

Section 2384, C. L. 1921, provides for the incorporation of religious, educational or benevolent societies or associations. The prescribed procedure is, "by electing or appointing, according to its usages or customs, at any meeting held for that purpose, two or more of its members as directors, trustees, wardens or vestrymen (or such other officers whose powers and duties are similar to those of trustees, as shall be agreeable to the usages and customs, rules and regulations of such congregation, church or society), and may adopt a corporate name, and upon the filing

of the affidavit as hereinafter provided, it shall be and remain a body politic and corporate by the name so adopted."

The following section provides that "the chairman or secretary of such meeting shall, as soon as may be after such meeting, make and file in the office of the recorder of deeds in the county in which such congregation, church or society is organized  *  *  *  an affidavit, substantially in the following form."  Then follows the form of the affidavit required.

There was introduced in evidence a certified copy of an affidavit, filed in the office of the county clerk and recorder, on September 29, 1911, which, in all respects, follows the form set out in the statute.  The objection is that the affidavit fails to specify the object or purposes of the corporation, which, counsel insist, must form a part of all articles of incorporation.  It is a sufficient answer to this to say that the affidavit prescribed did not require mention of the purpose of the organization.  The case is wholly different from that of a corporation formed for business purposes, in which the purpose must be stated.

It is further objected that it does not appear that the organization had a previous existence.  The will having been proved, it was incumbent upon the contestants to establish, by a preponderance of the evidence, that the beneficiary had not the capacity to take under the will. *Snodgrass v. Smith,* 42 Colo. 60, 94 Pac. 312, 15 Ann. Cas. 548.  If the point under consideration was important, it was for the contestants to establish it by evidence.  There is nothing in the affidavit which suggests that the association was not in being.  The statement is that the proceedings mentioned were had at a meeting of the members of the association for the purpose of becoming incorporated. So far as the record shows, no questions was ever made as to the existence of the association, or of its right to hold meetings, and act as a corporation.  In any event, this was a matter for the state.

It is also objected that the affiant did not subscribe as

secretary. The affidavit shows that he acted as secretary, and his signature without further designation was sufficient.

Section 2390, C. L. 1921 gives express authority to religious, educational, charitable and literary corporations to take real and personal property by gift, devise or purchase, and there is no doubt of the right of this corporation to take under the will. That a library association is educational and therefore within the terms of the statute, hardly requires the citation of authorities. It is held so to be in *Webster City v. Wright Co.*, 144 Iowa 502, 123 N. W. 193, 24 L. R. A. (N. S.) 1205. That a library association is a charity is established by *Crerar v. Williams*, 145 Ill. 625, 34 N. E. 467, 21 L. R. A. 454.

In view of the statute last cited the discussion of the necessity for a trustee to take property for charitable uses is not in point.

Finding no error in the record, the judgment is affirmed.

MR. JUSTICE WHITFORD and MR. JUSTICE DENISON concur.