No. 12,496.

Watson *v.* City and County of Denver.

Decided December 23, 1929.

Mr. E. P. Hudson, Mr. E. L. Shaner, for plaintiff in error.

Mr. Thomas H. Gibson, Mr. George Hetherington, Mr. R. T. Wilson, Mr. Frank L. Hays, for defendant in error.

*In Department.*

Mr. Justice Butler delivered the opinion of the court.

In the police magistrate's court of the City and County of Denver, Helen Watson was charged with the violation of section 1202 of the Municipal Code. She was found guilty, and was fined $25. She appealed to the county court, where she was found guilty, and was fined $300.

As the complaint, following the customary practice, charges a violation of section 1202, by number, and does not otherwise indicate the nature of the offense, we must examine that section to see what acts, if any, are forbidden. That section is as follows: "For the purpose of this ordinance the terms astrologer, clairvoyant, mesmerist, card reader, fortune teller, mind reader, planet reader, palmist, seer, trance medium, test medium, business medium, phrenologist, hypnotic healer or electric magnetic healer, shall include all persons who shall charge any price of admission or fee for any act done or information or advice given, or service rendered, of any kind or character, pertaining to or representing any of the within named occupations, callings or professions, or who shall advertise or hold themselves out as being pro-

ficient in or as being engaged in such occupations, callings or professions, for public or private patronage."

The section prohibits nothing; it merely states who shall be included in the terms "astrologer," "clairvoyant," etc. Another section (§1201) of the Municipal Code provides that no person shall engage in the occupation, etc., of astrologer, clairvoyant, etc., without a license, and still another section (§1206) prescribes a penalty for so doing.

██ Section 1202 creates no offense; the complaint states no offense; the verdict found Helen Watson guilty of no offense; hence the judgment cannot stand. This case was numbered 72,826 in the county court.

 Another case (No. 72,827) in that court charged Helen Watson with the violation of section 1201 of the Municipal Code. The two cases were tried together, but a separate record was kept as to each case. At the close of the evidence, the court dismissed case No. 72,827. The city and county assigns cross-error based upon the judgment of dismissal. Such assignment cannot be considered. No objection to the dismissal was made, and no exception was saved. There was no motion for a new trial, and no order dispensing with the filing of such a motion. See rule 8 of this court. The order entered in case No. 72,826 dispensing with the filing of a motion for a new trial in that case is of no avail in case No. 78,827. The order fixing the time to tender a bill of exceptions was made in case No. 72,826, not in the other case. The only case brought here for review is case No. 72,826; and, of course, in this case, no cross-error based upon the dismissal of another case can be entertained.

The judgment is reversed, and the cause is remanded with direction to the county court to dismiss the case.

MR. CHIEF JUSTICE WHITFORD, MR. JUSTICE MOORE and MR. JUSTICE BURKE concur.