## No. 13,336.

ESTATE OF BURNHAM.
JEFFREYS ET AL. *v.* INTERNATIONAL TRUST COMPANY,
EXECUTOR.

(48 P. [2d] 1019)

Decided April 29, 1935.

Mr. John J. Morrissey, Mr. Charles T. Mahoney, Mr. William H. Scofield, Mr. Charles A. Murdock, Mr. George P. Winters, for plaintiffs in error.

Messrs. Blount, Silverstein & Rosner, Mr. Fred R. Wright, for defendant in error.

*En Banc.*

Mr. Chief Justice Butler delivered the opinion of the court.

The International Trust Company, as executor of the last will and testament of Elizabeth M. Burnham, deceased, presented the will to the county court of Denver for probate. Helen Frances Jeffreys and other relatives of the deceased filed caveats. A jury found for the proponent, and the court ordered the will admitted to probate. The caveators appealed to the district court, where another jury found for the proponent, and the court ordered the will admitted to probate.

1. The first objection is that the testatrix lacked testamentary capacity. The objection cannot be sustained. We need not review the evidence. It was conflicting. Two juries, each consisting of twelve members, found that the testatrix had testamentary capacity, and two judges approved the findings. In our opinion, the findings are amply supported by the evidence.

2. The will, omitting the formal parts, is as follows: "I make the International Trust Company of Denver my Executor. I leave my entire estate after payment of my just debts to the Denver Foundation for the benefit of needy Denver people."

(a) After attacking the will for want of testamentary capacity on the part of the testatrix, the caveat states:

"That said pretended will is void and of no effect, in that the same attempts to dispose of the entire estate of the decedent for charitable purposes, and there is neither a trustee named therein in whom title to the estate may vest, nor is anyone empowered to carry out the charity attempted, nor any plan or means of carrying out the charitable trust contained in said pretended will, and the attempted charitable bequest is void for indefiniteness and uncertainty."

It is suggested that the court had no power to refuse probate on those grounds, and therefore that the decree admitting the will to probate should be affirmed without passing upon the question presented to us. We are not in accord with that view.

In various text books and in judicial opinions we find statements to the effect that in proceedings to probate a will a court is without power to construe the will or determine the validity or invalidity of its provisions; that "if the will be properly executed and proved, it must be admitted to probate, although it contain not a single provision capable of execution, or valid under the law." See 1 Woerner's American Law of Administration (2d Ed.), p. 530, §228; Remsen on Preparation and Contest of Wills, p. 372. The statutes of the several states vary greatly, and each decision should be considered in connection with the pertinent statute. Take for an illustration the case usually cited as "Matter of Davis," 182 N. Y. 468, 75 N. E. 530, a case sometimes cited to support the statement referred to above. The only ground relied upon in that case to defeat the probate of the will was that the sole devisee, legatee and executrix named therein had died before the testatrix. The New York statute provides: "If it appears to the surrogate that the will was duly executed; and that the testator, at the time of executing it, was in all respects competent to make a will, and not under restraint; it must be admitted to probate * * *." That statute bears some resemblance to section 5204, Compiled Laws of Colorado (amended by S. L. 1923,

p. 710, c. 194, §3). But in our statute we have certain all-important provisions that are not found in the New York statute. Section 5211, Compiled Laws, provides:

"On or before the day set for the hearing of the probate of such will, or the day to which such hearing may be continued, any person served with citation, as provided by law, or appearing at such probate, desiring to contest said will, or object to the validity or legality of all or any portion of the contents thereof, shall file in the county court a caveat or objections, in writing, which objections shall be subject to demurrer for insufficiency or motion to make more specific, definite or certain, and to amendment and answer as, a complaint and answer in civil cases, and shall be divided into two classes, to-wit:

"First—All such objections as may raise the issue as to whether the writing in question be the last will of the testator or testatrix or not, which issue shall first be tried by a jury, unless waived, according to the practice in civil actions.

"Second—All such objections to the legality of the contents of such will which then exist and could then be raised and determined in any other action, which class of objections shall, if such instrument be found to be a will, be heard and determined by the court, before such will be formally admitted to probate, and if, upon the hearing of such second class of objections, the court shall determine that any portion of the contents of such will is void, the court shall admit such will to probate, in so far as it shall be found to be valid and binding, and it shall be executed only in so far as its contents may be held to be valid and binding; and any portion of such estate not conveyed by such will because of the invalidity of any portion of its contents shall be held to be intestate property, to be administered as such, by the executor or administrator with will annexed, appointed to execute such will. *If the entire contents of such will be held void, such estate shall be administered as in other cases of intestacy.*" (Italics are ours.)

Section 5213, Id., provides: "In all actions wherein the execution or contents of any last will may be brought in question, the record of the probate of such will, or an exemplified copy of such record, shall be conclusive proof of the execution and also of the legality and validity of the contents thereof, in so far as the same were determined at the probate, both as against the persons summoned and appearing at the probate thereof and as against all other persons * * *."

It may be noted, also, that there is an important difference between the will involved in the New York case and the will before us, in this, that the will before the New York court contained a provision expressly revoking all former wills made by the testatrix, whereas the will before us has no such provision. That provision being valid and effectual, the New York will, of course, was entitled to probate.

Whatever may be the law in other jurisdictions where there are no such provisions as we have in sections 5211 and 5213, supra, the court, in proceedings to probate a will in this state, has power to pass upon all objections made in the caveat to the legality of the contents of the will, and is required to do so; and if a portion of the contents of the will is void and the rest valid and binding, the will must be admitted to probate only as to the part that is valid and binding; and if the entire contents of the will are held to be void, the will must be denied probate and the estate must be administered "as in other cases of intestacy." Such is the effect of sections 5211 and 5213, supra.

In *Frazier v. Frazier*, 83 Colo. 188, 263 Pac. 413, it was sought to probate a will. A caveat was filed. The trial court found testamentary capacity and sufficient attestation. We held that a provision attempting to create a trust was invalid, but that because the will contained one valid bequest it was entitled to probate. The clear implication is that if the will had not contained the valid bequest, it would not be entitled to probate. In that case

we examined the several provisions of the will and passed upon their validity. That is exactly what it now is suggested a court cannot do in such a proceeding. To the same effect, see *Ireland v. Hudson, Executor*, 92 Colo. 110, 18 P. (2d) 311, where we held that the fact that some of the provisions in a will are invalid should not prevent the admission of the instrument to probate, *if it contains other valid bequests*. (Italics are ours.)

From what we have said, it is evident that it was the duty of the trial court, and is our duty, to pass upon the validity of the bequest challenged in the caveat. If the bequest—the only one in the will—is invalid, the will should have been denied probate and the estate should have been administered as in other cases of intestacy. That would require a reversal of the judgment. On the other hand, if the bequest is valid, the will was properly admitted to probate and the judgment should be affirmed.

█ (b) We now shall address ourselves to the question whether or not the bequest is valid.

The International Trust Company of Denver and several other Denver banks and trust companies executed and, on November 30, 1925, filed in the office of the secretary of state of Colorado a resolution and declaration of trust creating the Denver Foundation. The preamble, in part, is as follows: ''Whereas, never in the history of modern times has the welfare of mankind more urgently demanded the encouragement and promotion of gifts for educational, charitable and benevolent uses in accordance with a plan which shall (1) meet the changing needs for such gifts with flexibility in the power of distribution, (2) afford an opportunity alike to persons of wealth and persons of moderate means to make their several gifts to different trustees of their own selection for such purposes more effective by providing for the distribution of the income and/or principal of all of them as if an aggregate fund, (3) provide for the selection of the beneficiaries of such gifts by an impartial and changing committee of persons chosen for their knowledge of the educational,

charitable or benevolent needs of the time, and (4) safe-guard and provide for the permanent security of the principal of such gifts * * *.''

The several members of the Foundation (referred to in the instrument as ''trustees'') accept, as trustees, gifts, grants, devises and bequests for public, educational, charitable and benevolent uses and purposes. The presidents of the several members of the Foundation constitute the trustees' committee. There is a distribution committee of five members, selected for their knowledge of the educational, charitable and benevolent needs of the community. One is selected by the mayor of Denver; one, by the presiding judge of the county court of Denver; one, by the judge of the United States District Court for the Denver district; and two, by the trustees' committee. Each trustee has power to manage the property and to invest the money bequeathed to it in trust, but the power to select and appoint the several beneficiaries, subject to the provisions of the will, is vested in the distribution committee. There is ample provision for the auditing of the accounts of the several trustees, and for the publication of annual reports of the proceedings of the distribution committee, stating the aggregate of the funds and disbursements made pursuant to the direction of the committee and the purposes for which the disbursements were made.

The testatrix's intent to leave her property for the benefit of needy people of Denver is clear. Before execution of the will the testatrix was told about the Denver Foundation. That she intended that her wishes should be carried out, the trust administered and the individual beneficiaries selected in accordance with the plan adopted by the Denver Foundation seems to us to be beyond question.

Must the bequest fail for lack of a trustee? We think not. The Foundation, it is true, is not a corporation. It probably is not an unincorporated association capable of receiving a bequest. The testatrix selected and ap-

pointed, as executor of her will, the International Trust Company, one of the members of the Foundation and referred to in the resolution and declaration of trust as one of the trustees. True, she failed to use apt words to make that institution a trustee of the property as well as executor of the will; but a court will not permit a trust to fail for want of a trustee. In *Clayton v. Hallett*, 30 Colo. 231, 70 Pac. 429, we said: "It seems that at the common law a bequest or devise to charity is peculiarly favored. * * * It is to be given, the most liberal construction, to the end that the wishes of the donor be enforced. A devise to charity is therefore not rendered invalid because trustees are not named, nor because a trustee incapable of taking is named. The Court, in the exercise of its judicial functions, will never permit a trust to fail for the want of a trustee."

In *Haggin v. International Trust Co.*, 69 Colo. 135, 169 Pac. 138, we said that, "A devise to charity is not rendered invalid because trustees are not named, nor because a trustee * * * incapable of taking it, is named." And see 5 R. C. L., p. 315; 2 Perry on Trusts (7th Ed.), §722.

The fact that the bequest does not specify the particular individuals who shall benefit is no obstacle to the carrying out of the trust. The fact that a gift is to a class or group of indefinite persons is one of the characteristics that distinguish a public charity from a private charity. 2 Perry on Trusts (7th Ed.), §§687, 732; 3 Woerner on Administration (3d Ed.), sec. 429; 5 R. C. L., pp. 343, 347. Session Laws of 1927, chapter 195, section 1, provides: "No gift, devise, bequest, transfer, grant or conveyance of real or personal property to religious, educational, charitable or benevolent uses, which shall in other respects be valid under the laws of this State shall be deemed invalid by reason of the indefiniteness or uncertainty of the persons designated as the beneficiaries thereunder in the instrument creating or constituting the same."

It is sufficient if the testator has provided or indicated

some method or means of selecting from the class or group the particular individuals to receive the benefit. 2 Perry on Trusts (7th Ed.), §713a. In the case at bar the testatrix sufficiently indicated a desire that the trust should be administered in accordance with the Denver Foundation plan, and under that plan the distribution committee has authority to select the particular individuals to receive the benefit of the bequest.

We hold that the bequest is valid. The will was properly admitted to probate. The judgment is affirmed.

MR. JUSTICE CAMPBELL did not participate.