## No. 13,701.

CHAIN O'MINES, INCORPORATED ET AL. *v.* LEWISON ET AL.

(66 P. [2d] 802)

Decided March 22, 1937. Rehearing denied April 12, 1937.

Mr. HERBERT M. MUNROE, Mr. CHARLES A. HASKELL, Mr. HAROLD TAFT KING, for plaintiffs in error.

Mr. Leroy J. Williams, Mr. Charles R. Enos, Mr. Harold H. Healy, Messrs. Lee, Shaw & McCreery, Mr. Richard M. Lee, Mr. William A. Bryans, III, for defendants in error.

*In Department.*

Mr. Justice Knous delivered the opinion of the court.

Rule 8 of this court requires that the party claiming error in the trial below must, unless otherwise ordered, move the trial court for a new trial, and, without such order, only such questions as are presented in the motion, will be considered on review. An examination of the record herein discloses that no motion for new trial was filed and no order dispensing with the necessity therefor appears in either the record or bill of exceptions. Where this rule has not been complied with we have repeatedly held that issues of fact determined by the trial court cannot be reviewed here. The following are only some of the numerous decisions of this court in which Rule 8 has been invoked and sustained: *Walters v. Dillon Co.,* 89 Colo. 444, 4 P. (2d) 308; *Watson v. Denver,* 86 Colo. 555, 283 Pac. 538; *Grand Lodge v. Grand Lodge,* 86 Colo. 330, 282 Pac. 193; *Blackmer v. Blackmer,* 84 Colo. 540, 272 Pac. 10.

This action was instituted below by the defendants in error Edward H. Lewison and the Public Service Company of Colorado, a corporation, to subject certain mining property of the plaintiffs in error to a lien for work, materials and power under the provisions of section 6445, C. L. 1921 (3 '35 C. S. A., c. 101, §18). The plaintiffs in error in their brief and purportedly by their assignment of errors, with certain other contentions which we shall hereafter mention, assert that the judgment of the lower court was erroneous in that it allowed Lewison and his assignors in excess of the amount that was actually due; that certain of the assignors of Lewison were not entitled

to liens for the reason that they had not performed labor for which a lien was claimed within one month next before the filing of lien statements; that certain of Lewison's assignors did not perform work on the property of the plaintiffs in error of the character which would entitle them to liens, and that the court erred in finding that the claims for liens related back to the date fixed by the court as the time of the commencement of work upon the improvement. It is patent that the solution of these questions depends upon the determination of issues of fact. The whole basis of the objections of the plaintiffs in error to the judgment relates to the purported error of the trial court in finding that the mining and other operations involved were projected and planned as an entirety and so were to be regarded as one distinct improvement and project which was commenced and completed on definite dates fixed by the court, and that all of the work performed and materials and power furnished were for the working, preservation, prospecting and development of plaintiffs in error's numerous mining claims as a unit and as one undertaking. If the court's findings on these matters were correct, and under the state of this record as affected by Rule 8 we must assume they are, the labor lien claimants, by filing their lien statements, as they did, before the expiration of one month after the time of the completion of the improvement as fixed by the court, met the requirements of section 6450, C. L. 1921 (3 '35 C. S. A., c. 101, §23), and were thereby protected in their lien rights. Likewise the court having determined the definite time of the commencement of the work upon the improvement, the liens relate back to, and take effect as of, that date under section 6447, C. L. 1921 (3 '35 C. S. A., c. 101, §20). *State Bank of Chicago v. Plummer,* 54 Colo. 144, 129 Pac. 819; *International Trust Co. v. Clark Co.,* 66 Colo. 210, 180 Pac. 300.

The trial court also determined as a matter of fact that the work and labor performed and materials and power

furnished were of the nature and character entitling the lien claimants to liens under section 6445, supra.

It is also obvious that the court's decree as to the amount due the lien claimants is based entirely upon the ascertainment of the facts. Assignment of error No. 2 relates exclusively to an alleged error of the court in admitting certain exhibits which we cannot consider where Rule 8 is not complied with. In view of the situation indicated here, and as this court did in *Walters v. Dillon Co., supra,* we, on our own motion, decline to consider the errors assigned which involve a review of the issues of fact determined by the trial court.

This court has repeatedly explained that the primary purpose of Rule 8 is to give the trial court a fair opportunity to correct any errors which may have been made in the course of the trial. Unless this rule is complied with by the party claiming error, opportunity would be offered to raise for the first time on review objections and contentions which were never called to the attention of the lower court. This court has consistently, by an unbroken line of decisions, upheld this valuable rule of practice and the denial of its application, even where the judgment is for a large amount of money as in the case at bar, cannot be justified. Our disposition of the major issues in this case is made less difficult because an examination of the entire record convinces us that substantial justice was done and the judgment in any event would likely have to be affirmed.

█ Assignment of error No. 1 raises a question of law, the consideration of which is not affected by the failure of the plaintiffs in error to conform with Rule 8. *Armstrong v. Gresham,* 70 Colo. 502, 202 Pac. 706; *Steere v. McComb,* 71 Colo. 190, 205 Pac. 526.

█ The question of law presented by this assignment relates to the alleged error of the court in denying a motion to make the complaint more specific in several particulars. By answering the complaint, after the court's adverse ruling, the plaintiffs in error waived any

error in the denial of the motion. *Sholes v. Bank*, 82 Colo. 432, 261 Pac. 456; *Spaulding v. Porter*, 94 Colo. 496, 31 P. (2d) 711.

The plaintiffs in error likewise argue as a matter of law, but it is debatable if the point is covered by any assignment of error, that the references to section 6442, C. L. 1921 (3 '35 C. S. A., c. 101, §15), contained in section 6445, supra, under which the liens here are claimed, limit the operations for which the performance of labor or the furnishing of materials gives a right of lien in the latter section to "construction, alteration, addition to or repair," as used in section 6442, supra.

Section 6442, supra, became a law in 1899 (Laws 1899, p. 261, §1). Section 6445, supra, relating to liens on mining property, was adopted in 1915 (Laws 1915, p. 332, §1), and is the latest legislative pronouncement on the subject. Its undoubted purpose was to broaden, and not to restrict, the scope of the general mechanics lien law of which section 6442, supra, is a part. We, therefore, have no hesitancy in holding that the right to the liens provided for by section 6445, supra, is not limited as contended by plaintiffs in error, but extends the lien privileges created by section 6442, supra, to those who do work or furnish materials and services under the circumstances and for the purposes enumerated in section 6445, supra, without regard to whether or not such work is done or the materials or services furnished in the "construction, alteration, addition to or repair" of the mining property affected.

The judgment is accordingly affirmed.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE HOLLAND concur.