## No. 15,245.

GALIGER *v.* ARMSTRONG, EXECUTOR OF THE
ESTATE OF HALL ET AL.
(165 P. [2d] 1019)

Decided January 21, 1946. Rehearing denied February 18, 1946.

398

Mr. A. D. QUAINTANCE, Mr. E. B. EVANS, for plaintiff in error.

Messrs. SPURGEON, CLARK & SPURGEON, Mr. BEN S. WENDELKEN, Mr. F. F. SCHREIBER, for defendants in error.

*In Department.*

MR. CHIEF JUSTICE KNOUS delivered the opinion of the court.

IN the county court plaintiff in error, a cousin of Ethel M. Hall, deceased, sought to have voided the residuary clause of the latter's will, to the end that the

residue of the estate might devolve to plaintiff in error and other heirs at law as intestate property. The adjudication below was adverse to the attack, and plaintiff in error here seeks a reversal on a review of the proceeding.

The paragraph of the will in controversy reads as follows: "Fourth: All the rest, residue and remainder of my estate, real, personal, and mixed of whatever kind or nature and wheresoever, situate, including money, notes and credits owned by me at my death, I give, devise and bequeath in two equal parts, share and share alike, as follows, to-wit: One equal part or share to The General Board of Directors of the Methodist Episcopal Church of the United States of America in trust, to be placed in its separate or special trust fund for the education of worthy needy young men students of Theology or Medicine, belonging to the Methodist Denomination, who need assistance to complete their schooling, the income only from said fund to be used for said purpose; and the other part or share to the Department of Student Aid, Board of Christian Education of the Presbyterian Church in the United States of America, to be placed in its separate or special trust fund for the education of worthy needy young men students of Theology or Medicine, belonging to the Presbyterian Denomination who need assistance to complete their schooling, the income only from said fund to be used for that purpose."

During the pendency of the proceedings for final settlement the *Trustees of the Methodist Episcopal Church,* an Ohio corporation, one of the defendants in error, by petition alleged: "That it was the obvious intention and design of this Testatrix to name * * * petitioner as one of her residuary legatees and devisees, but that, by reason of some inadvertence or lack of information, the correct name of * * * petitioner was erroneously written" in the will "as 'The General Board of Directors of the Methodist Episcopal Church of Amer-

ica,' an obvious misnomer." It prayed the court to correct the misnomer and determine that it was "the proper party to take and hold in trust, one equal part or share of the residuary estate" for the uses specified. Coincidentally, it was called to the court's attention that the designation in the will of the "Department of Student Aid, Board of Christian Education of the Presbyterian Church in the United States of America," as the recipient in trust of the other equal share was also a misnomer which should be corrected to properly specify the *"Board of Christian Education of the Presbyterian Church in the United States of America,"* a New York corporation, another of defendants in error.

Plaintiff in error, and another objector, who does not appear here, placed such allegations in issue, and plaintiff in error, in addition filed an independent petition seeking the nullification of the residuary clause on the grounds hereinafter to be mentioned.

Upon the basis of the evidence introduced in the hearing upon such petitions and objections, the court found as matters of fact that notwithstanding the incorrect writing of their names in the will, it was the intent and purpose of the testatrix to give and devise equal shares in the residue to the Trustees of the Methodist Episcopal Church and to the Board of Christian Education of the Presbyterian Church in the United States of America, as trustees for the purposes stated in paragraph fourth of her will and ordered distribution on that basis. The decree also overruled the other contentions of plaintiff in error.

As points for reversal plaintiff in error specifies:

"1st. Paragraph 4 of the Will is unenforceable for the reason that the testatrix failed to provide any means or method whereby the beneficiaries of the trust can be selected or designated.

"2nd. That neither of the residuary legatees, either by the names used in Paragraph 4 of the Will or by any other name, are capable of receiving and accepting gifts

in trust for the reason that they are not qualified under the laws of the State of Colorado.

"3rd. The Trustees found by the Court to be the ones entitled to receive the bequests under paragraph 4 of the will are incapable of performing the trusts described therein and the testatrix did not intend to name the Board or the Trustees as the 'Trustees' under Paragraph 4 of her Will."

Plaintiff in error filed no motion for new trial, nor did the court dispense with the necessity of filing such a motion. In such a situation it is firmly established under Rule 59C(e), R. C. P. Colo. (the counterpart of our former Rule 8), that issues of fact determined by the trial court will not be reviewed, and that consideration may be given only to such specifications as involve questions of law. *Chain O' Mines v. Lewison,* 100 Colo. 186, 66 P. (2d) 802. While counsel for plaintiff in error express recognition of this rule and assert that the points specified involve solely questions of law, we are of the opinion that examination of specification 3rd, as made, is precluded by the rule. The charge therein that "the testatrix did not intend to name the Board or the Trustees" as "trustees" under paragraph 4 of her will, patently is no less than a direct challenge to the validity of the finding of the court from the evidence that it was her intention to so do. Likewise, as presented in the briefs and orally, the argument that, "The Trustees found by the court to be the ones entitled to receive * * * are incapable of performing the trusts," is based substantially upon a construction of the evidence in direct opposition to the express findings of the court thereon. Thus specification 3rd will not be noticed further by us.

The first, and most stressed specification, advances the point that the controversial paragraph is unenforceable because of the failure of the testatrix "to provide any means or method whereby the beneficiaries of the trust can be selected or designated."

█ Plaintiff in error acknowledges the doctrine, well stated in our opinion in *Jeffreys v. Trust Co.,* 97 Colo. 188, 48 P. (2d) 1019 (see, also, 3 Scott on Trusts, pp. 1966, 1967, §364), that "The fact that the bequest does not specify the particular individuals who shall benefit is no obstacle to the carrying out of the trust. The fact that a gift is to a class or group of indefinite persons is one of the characteristics that distinguish a public charity from a private charity," but contends that Miss Hall's will is rendered fatally defective for uncertainty because she did not expressly give to the nominated trustees the power to select the individual beneficiaries from the class of persons who are made the object of her bounty; fix the quantum of the fund each shall receive, or, in the alternative, provide any scheme or plan for so doing.

█ It is probable there is no branch of the law governing charitable devises and bequests that has provoked more critical discussion or given rise to so great a divergence of opinion and lack of uniformity in court decisions, as the questions concerning the certainty with which the purpose of the trust must be stated or the beneficiaries designated. By our pronouncements in *Clayton v. Hallett,* 30 Colo. 231, 70 Pac. 429, 59 L. R. A., 407, 97 Am. St. Rep. 117, nationally accepted as a leading case in this field, this jurisdiction is committed to what is called "undoubtedly the better view" in 10 Am. Jur., p. 643, §82, namely, that an instrument is sufficient if it "states the purpose of the charity in general terms and designates the beneficiaries who may partake of the benefits thereof as those of a certain designated class, leaving to the trustees the work of selecting the individuals of that class who will actually receive the benefits." Such, in effect, also was made the statutory law of Colorado by subsequently promulgated section 1, chapter 195, S. L. 1927 (§184, c. 41, '35 C.S.A.), which provides that no devise or bequest for an educational or charitable use, "which shall in other respects be valid under the laws of this state, shall be deemed invalid by

reason of the indefiniteness or uncertainty of the persons designated as the beneficiaries thereunder in the instrument creating or constituting the same."

Our decision in *Clayton v. Hallett, supra,* established, in the language appearing in 10 Am. Jur., p. 652, §94, that, "When a power is conferred on the trustees to distribute the fund to members of a class, such members having certain qualifications which can be ascertained only by the exercise of judgment and discretion, as the act of distribution cannot be performed except after such ascertainment of the particular beneficiaries, the principal power to distribute the moneys carries with it the incidental and necessary power of selection. This is based upon the ordinary doctrine that when an act is authorized to be done by a trustee or other agent, every authority requisite to the doing of such act is, by intendment of law, comprised in such grant of power." See, also, 2.Bogert, Trusts and Trustees, p. 1118, §366. It was further held in the Clayton case, supra, page 259, that where trustees are appointed by the testator and the will shows that a particular charitable use is the objective of the devise or bequest, the duty devolves upon the trustees of devising a scheme for carrying the trust into effect. See, 3 Scott on Trusts, pp. 1939, 1940, §358.

Herein, although technically misnamed in the will, as the court found, trustees *were* appointed by the testatrix. They were expressly authorized and directed to *use* the income from the trust funds for the "purpose" of the projected trusts which, as stated in the will, was to be "the education of" those possessing the qualifications of being "worthy needy young men students of Theology or Medicine," of either the Methodist or Presbyterian denomination, "who need assistance to complete their schooling." Considering these testamentary directions in the light of the established legal principles hereinabove mentioned, we are satisfied the questioned paragraph of Miss Hall's will is not vulnerable to the

charges of indefiniteness or uncertainty made by plaintiff in error. See, 3 Scott on Trusts, pp. 1981-1983, §§370, 370.1.

In reaching this conclusion we are not unmindful of the fact, emphasized by plaintiff in error, that the Clayton will (*Clayton v. Hallett, supra*), *expressly conferred* authority upon the executors to select individual beneficiaries from a general group. However, and what is more important here, notwithstanding that it *failed* to expressly give a like power to the *trustees,* we held, page 261, "that the appointment of trustees, granting them authority to control and supervise the college, carries with it *by necessary implication* the authority to designate the beneficiaries." See, also, page 259, id.

■ The effect of certain citations of plaintiff in error, particularly, 2 Perry on Trusts (7th ed.) page 1215, section 713b, and language in the opinion of Mr. Justice Campbell, expressly said by that learned jurist to be his personal view and not that of the court, in *Robbins v. County Commissioners,* 50 Colo. 610, 617-621, 115 Pac. 526, is weakened, if not destroyed, by the circumstance that such are grounded on situations wherein the donor neither appointed a trustee nor provided for such appointment. The distinction made by the courts between cases in that category and those in which, as herein, trustees *were appointed* by the instrument creating the trust is clearly stated in 10 Am. Jur., page 645, section 83, as follows: "If, however, a trustee is not appointed by the testator and the will does not declare the manner in which the devise is to be made effectual, equity will not administer the trust. The reason a trustee is allowed to enforce a trust, the object of which is expressed only in general terms, is that in exercising his discretion he carries out the intention of the testator. But when there is no trustee appointed to exercise this discretion in devising a scheme for the execution of the trust, the court of equity can look alone to the will, and if it does

not show the intention of the testator, parol testimony is inadmissible and the trust must fail."

The second and remaining point specified for reversal is based on the contention that neither of the trustees, both of which are foreign corporations, "are capable of receiving and accepting gifts in trust for the reason that they are not qualified under the laws of the State of Colorado." In support of this statement counsel for plaintiff in error cite section 183, chapter 41, '35 C.S.A., which provides: "Domestic and foreign, religious * * * corporations * * *, operating within the state, may take by gift, devise, or purchase and hold real and personal property * * *," and argue that since, as they view, the evidence of the corporate trustees fails to show that either is "operating in the State of Colorado," paragraph fourth of the will must be declared to be void. Counsel for the Trustees of the Methodist Episcopal Church deny any failure in the proof and assert the evidence shows that their client was, and is, operating within this state. Counsel for the Presbyterian church resist plaintiff in error's contention upon the basis of its legal invalidity. Although the court found that under their charters both corporations were empowered to accept bequests and devises and administer charitable and educational trusts, it made no specific finding that either was operating in Colorado. Plaintiff in error raises no issue concerning the power of these corporations under the laws of the states of their creation to take and hold land by devise as trustees for charitable purposes. If the question presented is one of fact, its consideration is precluded under Rule 59C(e) R. C. P. Colo., hereinabove discussed, as the result of plaintiff in error's failure to file a motion for new trial. If the question is one of proof, objection to insufficiency in the evidence is not available to plaintiff in error, since where a will is proved, it is incumbent on the person challenging the capacity of a beneficiary to take thereunder, to establish that disability by a preponder-

ance of the evidence. *Tomay v. Crist,* 75 Colo. 437, 226 Pac. 156. Nor, under the record herein, is plaintiff in error's position more tenable if the question is considered one of law.

 The rule is, that a foreign corporation, if it possesses by the law of its creation the requisite power so to do, may act as trustee of a charitable trust where the subject matter thereof is personalty, and may take lands as such trustee, where not prohibited by the law of the state wherein the land is located. See, 10 Am. Jur., p. 616, §45. Section 183, chapter 41, supra, cited by plaintiff in error contains no such prohibition. Rather, that statute on its face is one of authorization to foreign and domestic corporations operating within the state. See *Tomay v. Crist, supra,* and *Johnston v. Colorado Bureau,* 86 Colo. 221, 279 Pac. 721. Further, it should be observed that in a majority of the jurisdictions, it has been held the capacity of a corporation to act as trustee of a charitable trust cannot be raised collaterally by the testator's heirs, but only by the state in a direct proceeding. See, *Jones v. Habersham,* 107 U. S. 174, 2 Sup. Ct. 336, 27 L. Ed. 401, and *Bank of Commerce v. Banks,* 161 Tenn. 11, 28 S. W. (2d) 340, 69 A. L. R. 1353.

The judgment is affirmed.

Mr. Justice Stone and Mr. Justice Alter concur.