**Dr. Mabel G. WILKIN et al., Complainants,**

**v.**

**R. H. WILKIN TRUST, John A. Bush and R. G. Glass, Trustees, Defendants,**

**Charles Nesbitt, Attorney General of the State of Oklahoma, Intervenor.**

Civ. No. 65–168.

United States District Court
W. D. Oklahoma.

Dec. 29, 1966.

W. H. Betts, Hempstead, Tex., and John H. Cantrell, Lee B. Thompson and Ralph G. Thompson of Cantrell, Douglas, Thompson & Wilson, Oklahoma City, Okl., for plaintiffs.

Jack Ewing Wilson of Miller, Melone, Wilson, Adams & Spencer, Oklahoma City, Okl., and Garrett Morris, Ft. Worth, Tex., for intervening plaintiffs Elizabeth Ann Wright Morris and Harriet Wright Fischer and for defendant James R. Wright.

V. P. Crowe and Paul R. McDaniel of Crowe, Boxley, Dunlevy, Thweatt, Swinford & Johnson, Oklahoma City, Okl., for Wilkin Trust & Trustees.

James R. Fuson, Asst. Atty. Gen., and Charles Nesbitt, Atty. Gen., of Okl., for Charles Nesbitt as Atty. Gen.

Houston E. Holmes, Jr., of Worsham, Forsythe & Woodburn, Dallas, Tex., for Ed Rose and Catherine Bradley.

## MEMORANDUM OPINION

DAUGHERTY, District Judge.

In this diversity suit the plaintiffs, heirs of R. H. Wilkin, Deceased, challenge the validity of a charitable trust set out in Article Five, paragraph (m), of the last will and testament of said R. H. Wilkin. The Trust itself and the Trustees thereof were named as defendants. The defendants deny the allegations of the plaintiffs and assert that the charitable trust is valid. The Attorney General of Oklahoma by virtue of his authority in connection with charitable trusts,[1] has intervened in the case. The Attorney General, as intervenor, contends that the charitable trust is valid. The defendants have cross-claimed against the Attorney General of Oklahoma seeking a declaratory judgment that the trustees have properly managed the trust in all re-

1. 15 Am.Jur.2d Section 119, page 125:
"Because of the public interest necessarily involved in a charitable trust or gift to charity and essential to its legal classification as a charity, it is generally recognized that the attorney general, in his capacity as representative of the state and of the public, is the, or at least a, proper party to institute and maintain proceedings for the enforcement of such a gift or trust. The powers, duties, and functions of the attorney general in these respects is provided for by statute in some states, but it has generally been held that even in the absence of statute he has the power to enforce charitable trusts as a common-law incident of his office, and there is also authority to the effect that he has this common-law power although he has also been given the same power by statute."
74 Oklahoma Statutes, Section 18b(b):
"To appear for the State and prosecute and defend all actions and proceedings in any of the Federal Courts in which the State is interested as a party."
60 Oklahoma Statutes, Section 602:
"If a trust for charity is or becomes illegal or impossible or impracticable of fulfillment, or if a devise or bequest for charity, at the time it was intended to become effective, is illegal or impossible or impracticable of fulfillment and if the settlor or the testator manifested a general intention to devote the property to charity, any court of this state possessing general equitable jurisdiction, on the application of any trustee or of any interested party or of the Attorney General, may order an administration of the trust, devise, or bequest as nearly as possible to fulfill the general charitable intention of the settlor or testator."
And see 60 Oklahoma Statutes, Section 175.18.

spects, that benefits cannot be distributed to the final beneficiaries until the death of the last life tenant, that payment of legal fees be authorized from trust funds and that the Attorney General has no supervisory power over charitable trusts in Oklahoma. Prior to the filing of this cross claim the Attorney General had proceeded in State District Court seeking removal and surcharging of the trustees for mismanagement of the trust and an acceleration of the benefits payable to the final beneficiaries.

The Court has separated the issues involved in this suit, the first issue so separated being the determination as to whether or not a charitable trust has been created by the testator, and the second issue being that between the defendants and the Attorney General of Oklahoma on the said cross claim for a declaratory judgment involving the questions of trust management, fees, supervisory authority of the Attorney General and activation of the claimed charitable trust.

At a previous evidentiary hearing herein the heirs of R. H. Wilkin, Deceased, were judicially determined without controversy. The matter of whether or not a valid charitable trust has been established by the will of R. H. Wilkin, Deceased, has been briefed and argued to the Court, there being no evidence introduced on this issue except exhibits pertaining to State Court proceedings regarding the will and the trust.

The will established a trust fund placed in charge of the defendant trustees for the benefit of three individuals during their lifetime with stipulated payments to be made to each until the last of the three persons should die, at which time the remainder of the trust fund would come under Article Five, paragraph (m) in the will which provides as follows:

"(m) The remainder of the trust fund then remaining I direct the trustees to administer for the care and treatment of needy crippled children of Oklahoma County, Oklahoma, to be selected by said trustees, using both income and principal for such purpose."

The plaintiffs attack the charitable trust and assert that the same is invalid for any one or all of three reasons, as follows:

(1) The attempted charitable trust is not restricted to purely charitable uses and by its terms the trustees could disburse trust funds for non-charitable uses, (2) The attempted charitable trust is invalid because it fails to establish the class to be benefitted with the requisite certainty, and, (3) The attempted charitable trust does not contain guidelines for the selection of beneficiaries or a plan outlining the administration of the trust and the duties of the trustees, and for such reasons the trust is invalid for uncertainty and vagueness.

The defendants and the intervenor assert that the charitable trust is in all respects a valid charitable trust and should be enforced as such. In addition, they assert that the Final Decree of Distribution entered by the County Court of Oklahoma County, Oklahoma, regarding the said last will and testament of R. H. Wilkin, Deceased, to which the plaintiffs were given due notice and failed to appeal, settles the matter for all times to the effect that the trust is a valid charitable trust. They also contend that the plaintiffs are not entitled to prevail herein because they are guilty of laches, the state statute of limitations has run against their claim, and further that if the trust is not a valid charitable trust the same is a valid private trust and should be administered by the trustees as such.

██ From a consideration of the pertinent paragraph in the will as set out above and the authorities related to the problem the Court finds and concludes that a valid charitable trust has been established by the last will and testament of R. H. Wilkin, Deceased. All admit that the testator intended by paragraph (m) that the trust funds remaining be devoted to benevolent or charitable purpose. Oklahoma law governs. The said paragraph (m) of the will does not by any language specifically direct or permit the trustees to devote or expend

any of the trust funds for non-charitable uses to a profit making person or organization. The cases [2] relied upon by the plaintiffs on this point are those in which on the face of the trust instrument involved there is a mixed trust established, that is, one wherein the trustees are specifically directed or permitted to devote trust funds to either charitable or non-charitable recipients or both. If such specific directions or permission appeared on the face of this trust instrument those cases would be followed. However, this is not so, and any such possibility is extraneous of the trust instrument. It must be and is presumed that the trustees will strictly follow the charitable uses intended and prescribed. In addition to the foregoing presumption, there is the duty of the Attorney General of Oklahoma to see that the trust funds involved are devoted to pure charitable purposes and uses, and that the same are not given to non-charitable or profit-making organizations.[3] Also all charitable trusts by Oklahoma Statute are subject to the superintendence of the appropriate District Court sitting in equity.[4]

▮▮ With reference to the second point to the effect that the trust fails to establish the class to be benefitted with reasonable certainty, it should first be recognized that an element of uncertainty in the ultimate individual beneficiaries, is not fatal to a charitable trust, but in fact this uncertainty is an essential requirement, otherwise the trust would be non-charitable or private. Bogert, Trusts and Trustees (Second Ed.) Sec. 362. In this case the class to be benefitted is the "needy crippled children of Oklahoma County, Oklahoma." In the case of Phillips v. Chambers, 174 Okl. 407, 51 P.2d 303, decided by the Oklahoma Supreme Court, it was held that a charitable trust for the benefit of the aged and poor of a named county is suf-

ficiently definite as to a class of beneficiaries to meet the legal requirement concerning the certainty of the class of beneficiaries of a charitable trust. To the same effect see In Re Coleman's Estate (Idaho–1945), 163 P.2d 847; Galiger v. Armstrong, (1946) 114 Colo. 397, 165 P.2d 1019, and Jeffreys v. International Trust Co. (1935), 97 Colo. 188, 48 P.2d 1019. The Court finds and concludes that the "needy crippled children of Oklahoma County, Oklahoma" describes a class of charitable beneficiaries with requisite certainty and definiteness.

▮ As to the third point involved regarding necessary guidelines the Court finds and concludes from the wording of the trust and the authorities and particularly the case of Phillips v. Chambers, supra, and the Kansas case of Hollenbeck v. Lyon (1935), 142 Kan. 352, 47 P.2d 63, 99 A.L.R. 652, and coupled with the aforesaid duty of the Attorney General of Oklahoma, and the power of the appropriate court of equity in Oklahoma, that such claimed defect as to uncertainty and vagueness in this respect is without merit. Bogert, Trusts and Trustees (Second Ed.), Sections 371, 374; Rhodes v. Yater, (1921), 27 N.M. 489, 202 P. 698, 22 A.L.R. 692.

▮ In view of the foregoing determinations made by the Court it is unnecessary to treat the other points raised in opposition to the contention of the plaintiffs, but in passing, the Court will observe that in its judgment the Final Decree of Distribution entered by the County Court of Oklahoma County, Oklahoma, in connection with the will of R. H. Wilkin, Deceased, did not or has not settled the question of the validity of the trust involved as a charitable trust but this determination under Oklahoma law is for the District Court, a court of equitable jurisdiction. It seems clear under Oklahoma law that County Courts

---

2. In Re Kline's Estate, 138 Cal.App. 514, 32 P.2d 677; In Re Vance's Estate, 118 Cal.App. 163, 4 P.2d 977; In Re Peabody's Estate, 21 Cal.App.2d 690, 70 P. 2d 249; Goetz v. Old National Bank of Martinsburg, 140 W.Va. 422, 84 S.E.2d

759; In Re Sutro's Estate, 155 Cal. 727, 102 P. 920.

3. See Footnote 1.

4. 60 Oklahoma Statutes, Section 175.23.

are courts of limited jurisdiction with powers to do only certain things, and in connection with wills to determine the factum of the will. The County Courts are not courts of equity, and this has been decided by the Oklahoma courts.[5] Regarding laches, under this doctrine, there must not only be an improper delay but also the delay must work to the disadvantage, prejudice or injury of those who would raise the doctrine. In this case, while there is significant delay, it is clear that there has been no prejudice, disadvantage or injury to those raising the doctrine for in fact the trust fund or res has enhanced in value enormously through the years since the death of R. H. Wilkin and this increase in value has not been due to any effort on the part of the beneficiaries of the charitable trust.[6] As to the matter of the statute of limitations it appears under the authorities that any applicable statute of limitations would not commence to run here against the plaintiffs as remaindermen until the life estate is extinguished and this has not yet occurred.[7] As to the last point, the trust does not qualify as a valid private trust, for the reason that in a private trust the beneficiaries must be designated with certainty, and here there is complete uncertainty in this connection.[8] The argument of the defendants and intervenors that the class became certain and vested either upon the death of the testator or upon the death of the last life tenant is deemed to be without merit and beyond the intent of the testator.

The Court, therefore, finds and concludes as to the first issue that the trust involved herein is a valid charitable trust under its language and under the authorities as set out above.

In determining the first issue to the effect that a valid charitable trust was created by the will of R. H. Wilkin, Deceased, it becomes necessary to consider the second issue. A decision to the contrary would have eliminated the second issue since the Attorney General would have no authority in the matter except with the existence of a valid charitable trust. The second issue involves the dispute as heretofore outlined between the Attorney General of Oklahoma on the one hand and the Trust and its Trustees, the defendants herein, on the other hand.

The case as brought in this Court by the heirs of R. H. Wilkin, Deceased, sought a determination that the will of R. H. Wilkin, Deceased, did not create a valid charitable trust for the benefit of the needy crippled children of Oklahoma County, Oklahoma, that could come into effect upon the death of the last of the three lifetime beneficiaries. Two of these beneficiaries have died, the third is still alive. The defendants Trust and Trustees denied this claim and defended the validity of the charitable trust. The Attorney General of Oklahoma intervened and supported the Trust and Trustees in their position that the charitable trust was valid. This Court entertained this controversy by reason of a diversity of citizenship between the plaintiffs herein and the defendants and the involvement of the required jurisdictional amount. A request that this Court refuse to entertain this controversy because of a pending State Court proceeding involving the trust was rejected inasmuch as such State Court proceeding was a routine supervisory matter into which had never been injected the question here presented as to the validity of the charitable trust and this Court could proceed without interfering with the State Courts supervision or possession of the trust res. Akin v. Louisiana National Bank of Baton Rouge, et al., (5th Cir.–1963) 322 F. 2d 749; Princess Lida v. Thompson, 305 U.S. 456, 59 S.Ct. 275, 83 L.Ed. 285 (1939).

5. Park v. Baxter, 179 Okl. 75, 64 P.2d 721; 89 C.J.S. Trusts § 85a; Burgess v. Nail, (10th Cir. 1939) 103 F.2d 37; 90 C.J.S. Trusts, § 454b(2); Ferguson v. Patterson, (10th Cir. 1951) 191 F.2d 584.

6. Bechler v. Kaye (10 Cir. 1955), 222 F. 2d 216, cert. denied 350 U.S. 837, 76 S.Ct.

75, 100 L.Ed. 747; Phelan v. Roberts, 182 Okl. 202, 77 P.2d 9.

7. Smith v. Williamson, 208 Okl. 323, 256 P.2d 174.

8. 1 Scott on Trusts, Sec. 122, pages 610, 611.

The Attorney General of Oklahoma has never asserted in this Court the questions of trust mismanagement by the trustees, their removal and surcharging and the acceleration of the payment of benefits to the needy crippled children of Oklahoma County under the charitable trust. However, after the controversy over the validity of the charitable trust was filed in this Court the Attorney General of Oklahoma did raise these questions above set out by a petition filed in the pending State Court supervisory proceeding. The Attorney General then intervened herein contending only as did the defendants Trust and Trustees that the charitable trust was valid. In this posture, the defendants Trust and Trustees then filed a cross-claim herein against the Attorney General in the nature of a declaratory judgment action in which the defendants sought declaratory relief to the effect that the trust had been properly managed and accounted for, that the charitable trust could not be accelerated in advance of the death of the last life tenant, and that the Attorney General of Oklahoma has no supervisory power over charitable trusts under Oklahoma law. Basically, by this cross-claim, the defendants herein brought to this Court the controversy which the Attorney General had previously raised by his petition filed in the State Court supervisory proceeding. Upon request, this Court enjoined the Attorney General and the Trustees from proceeding in the State Court action for the reason that an intolerable conflict as well as undesirable confusion would ensue between this Court and the State Court if both matters proceeded together. This injunctive action was necessary in aid of the jurisdiction of this Court in connection with the issue here as to whether or not the charitable trust was valid because the matters raised in the State Court proceeding by the Attorney General must proceed on the basis of a valid charitable trust whereas the validity of this trust was first placed in issue in this diversity action in this Court. 28 U.S.C. § 2283; Kline v. Burke Construction Company, 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226

(1922). If the controversy in the State Court should proceed and result in removal, surcharging and acceleration and this Court should find the charitable trust to be invalid, such State Court action would be for naught because the Attorney General would have no supervisory authority since there was no charitable trust and no one else is questioning the management of the Trust and seeking removal and surcharging of the Trustees. In general, confusion and unnecessary litigation would prevail. In these circumstances and for these reasons and in aid of the jurisdiction of this Court regarding the question of the validity of the Trust, this Court enjoined the Attorney General and the Trustees from proceeding in the State Court matter until the further order of this Court.

For essentially the same reasons this Court denied the subsequent motion of the Attorney General that the cross-claim of the defendants against him be dismissed.

By deciding herein that the charitable trust is valid, this Court is confronted with the second issue which has been separated. In connection with the second issue, however, since the Attorney General has asked that the cross-claim against him be dismissed and the restraint against him proceeding in State Court be vacated, this Court should first determine in these circumstances whether to proceed as to the second issue or abstain and let the parties now proceed in the State Court where this controversy, which is governed by state law, was first raised by the Attorney General of Oklahoma.

The relief sought by the defendants in their cross-claim against the Attorney General was under the Declaratory Judgment Act, 28 United States Code, 2201. One is not entitled to proceed under the Declaratory Judgment Act as a matter of right. American Greiner Electronic, Inc. v. Establissements Henry-Le Paute, S. A. (D.C.D. of Col.–1959) 174 F.Supp. 918, 919. This Court in its discretion under proper circumstances, may and should refuse to en-

tertain a declaratory judgment action. National Lead Co. v. Rosaire, (N.D.Tex.–1951) 96 F.Supp. 263.

The case of Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942), announces the principles involved in this determination as follows:

"Although the District Court had jurisdiction of the suit under the Federal Declaratory Judgment Act, it was under no compulsion to exercise that jurisdiction. The petitioner's motion to dismiss the bill was addressed to the discretion of the court. (Citing cases.) The motion rested upon the claim that since another proceeding was pending in a state court in which all the matters in controversy between the parties could be fully adjudicated, a declaratory judgment in the federal court was unwarranted. The correctness of this claim was certainly relevant in determining whether the District Court should assume jurisdiction and proceed to determine the rights of the parties. Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.

Where a district court is presented with a claim such as was made here, it should ascertain whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court. This may entail inquiry into the scope of the pending state court proceeding and the nature of defenses open there. The federal court may have to consider whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc."

In Guardian Life Ins. Co. of America v. Kortz, (10th Cir.–1945), 151 F.2d 582, our Circuit said:

"It is the duty of the federal court, in exercising its jurisdiction under § 274d, supra, to ascertain whether the questions in controversy between the parties to the federal court suit can better be settled in the proceedings pending in the state court.

The question should be resolved by a determination of whether there is such a plain, adequate, and speedy remedy afforded the Insurance Company in the pending state court actions that a declaratory judgment will serve no useful purpose."

In applying these principles to the facts at hand, this Court is of the opinion that in its discretion it should not entertain the defendants' cross-claim for a declaratory judgment against the Attorney General of Oklahoma. This conclusion is reached after giving consideration to the following circumstances: First, the controversy asserted in the defendants' cross-claim was first raised by the Attorney General of Oklahoma in the pending State Court action in which some supervision was being exercised over the trust. Thus, this controversy was raised in a pending State Court proceeding before it was raised here. Second, this controversy can better be settled in the proceeding pending in the State Court. This is because of the involvement of state law and the continuing nature of the State Court's supervisory authority under the statute involved. 60 Oklahoma Statutes, Section 175.23. Third, the claims of all parties in interest can satisfactorily be adjudicated in that proceeding. The charitable trust being deemed valid by this Court, the plaintiffs herein have no interest in the controversy between the Trustees and

the Attorney General of Oklahoma. The controversy in the cross-claim is strictly between the Trustees who have managed the trust and the Attorney General of Oklahoma representing the public and the needy crippled children in Oklahoma County within its authority as aforesaid. Fourth, all necessary parties (Trustees and the Attorney General) are joined in the State Court proceeding and all are amenable to process in that proceeding. Fifth, the State Court proceeding affords a plain, adequate, and speedy remedy with all defenses available and in having continuing supervision over the trust the State Court can handle more effectively all matters such as the need to remove trustees, the surcharging of trustees, the fixing of legal fees and the matter of accelerating and supervising the trust. And if accelerated or when the charitable trust becomes effective the matter of the application of the benefits to charitable purposes is a matter which the State Court with continuing statutory supervision can more effectively handle. Thus, a declaratory judgment in this Court will serve no useful purpose when the issues involved are now actively pending in a State Court having jurisdiction thereof and when considered in the light of the authority for and need for continuing judicial supervision over the execution of this trust.

Accordingly, the Court in its discretion declines to entertain the declaratory judgment action as contained in the cross-claim of the defendants against the Attorney General of Oklahoma, Intervenor herein. The cross-claim herein of the defendants is therefore dismissed and the order of restraint to protect this Court's jurisdiction filed herein on August 5, 1965, is vacated and set aside.

Counsel for the defendants will prepare an appropriate judgment in conformity with the foregoing and after submitting the same to counsel for the plaintiffs and intervenor will present the same to the Court for execution and entry herein. Rule 58, Federal Rules of Civil Procedure, 28 U.S.C.A.