475 P.2d 629 (1970)
In the Matter of the ESTATE of Charles Walter ALLEN, also known as C. Walter Allen, Deceased.
Frank ALLEN, Plaintiff in Error,
v.
The FIRST NATIONAL BANK OF DENVER as Special Administrator of the Estate of Charles Walter Allen, also known as C. Walter Allen, Deceased, and as Executor named in the Last Will and Testament of said deceased, and the First National Bank of Denver and Donald C. Bromfield as Trustees under the Last Will and Testament of Lucile Drinkwater Allen, Deceased, Defendants in Error.
No. 70-361, (Supreme Court No. 23366.)
Colorado Court of Appeals, Div. I.
October 14, 1970.
*630 Harry A. King, Denver, for plaintiff in error.
McLean & McLean, Robert McLean, Denver, for The First National Bank of Denver as Special Administrator of the Estate of Charles Walter Allen, also known as C. Walter Allen, Deceased, and as Executor named in the Last Will and Testament of said deceased.
Isaacson, Rosenbaum, Goldberg & Miller, Sheldon E. Friedman, Denver, for The First National Bank of Denver and Donald C. Bromfield, as Trustees under the Last Will and Testament of Lucile Drinkwater Allen, Deceased.
Selected for Official Publication.
DUFFORD, Judge.
This case was originally filed in the Supreme Court of the State of Colorado and was subsquently transferred to the Court of Appeals under the authority vested in the Supreme Court.
Plaintiff in error brings this appeal from a judgment of the Denver Probate Court dismissing his caveat to the Last Will and Testament of Charles Walter Allen, deceased. The caveat was directed solely to the validity of the residuary clause of the will, which in this instance takes the form of a "pour-over provision" to an existing trust. It reads as follows:
I give, devise and bequeath all of the rest, remainder and residue of my property, both real and personal, of whatsoever kind and wheresoever situate to The Lucille [sic] Drinkwater Allen Trust, to be distributed in accordance with the provisions of such Trust.
Our statute, C.R.S.1963, 153-5-44(1), governing testamentary provisions for pour-overs to trusts read as follows at the time this will was executed:
"By a will, a testator may devise or bequeath property to a trustee of a trust which is evidenced by a written instrument in existence when the will is made and which is identified in the will, even though the trust is subject to amendment, modification, revocation or termination, and irrespective of the value of the corpus of the trust. Unless the will provides otherwise, the property so devised and bequeathed shall be treated as an addition to the trust and shall be governed by the terms and provisions of the instrument creating the trust, including any amendments or modifications in writing made at any time before or after the making of the will and before the death of the testator, and upon proper delivery of the property so devised and bequeathed to the trustee as such, the property so devised or bequeathed shall be no longer subject to the jurisdiction of the county court. No reference to any such trust in any will shall cause the assets held under the provisions of such trust instrument at time of the death of the testator to be included in the property administered as part of the testator's estate."
Plaintiff in error contends that the "pour-over" clause under consideration here fails to comply with this statute, and that it cannot be validated by application of either the doctrine of incorporation by reference or the doctrine of facts of independent significance.
Plaintiff in error misconstrues the purpose of C.R.S.1963, 153-5-44, the effect of which is twofold. First, it removes certain conceptual difficulties which arise from the application of either of the two doctrines referred to above; and, second, it validates testamentary dispositions of property to existing trusts, such as the one under consideration here, which might otherwise be invalid. See Huff, An Aspect of Estate Planning in Colorado: The Revocable Inter Vivos Trust, 43 Denver Law Journal 296 at 319, where, in reference to C.R.S.1963, 153-5-44, the author writes:
"This statute solves the problem under the theory of incorporation by reference concerning the subsequent amendment of the trust after the execution of the will. It eliminates the question raised under the theory of facts of independent significance about the value of the trust assets which must be present to make the *631 trust of more than nominal significance. It eliminates any doubt about the jurisdiction of the court afer the property passing under the will is paid over to the trustee; it solves the problem of whether the living trust becomes testamentary when a pour-over is made; and it expressly keeps assets already in the trust at the testator's death from having to go through the process of probate."
Accord, Annot., 12 A.L.R.3d 56, 103-107; Comment, Recent Colorado Legislation Greatly Enhances the Utility of Testamentary and Inter Vivos Life Insurance Trusts, 32 Rocky Mt.L.Rev. 382. To create a valid "pour-over" provision under the terms of C.R.S.1963, 153-5-44, it is only necessary that the trust be evidenced by a written instrument; that the trust be in existence at the time the will is executed; and that the trust be capable of being identified with reasonable certainty.
There is no question that these requirements were met here. The trial court found that:
"The Lucile Drinkwater Allen Trust was created by the Last Will and Testament of Lucile Drinkwater Allen, duly admitted to probate; that it came into existence and became active on March 30, 1965, and that it was and has been in existence and active thereafter, including November 18, 1965, when the Last Will and Testament of Charles Walter Allen was executed, and on May 9, 1966, when Charles Walter Allen died."
The record further discloses that Lucile Drinkwater Allen was the wife of the testator, and that the testator served as a cotrustee of the Lucile Drinkwater Allen Trust. There is no question here as to the identity of the trust referred to in the will, and we reject caveator's argument that the description of the trust by name only, without further identification, creates a patent ambiguity in the residuary clause.
Last, we hold that the fact the transfer is to the trust rather than to the trustees, while technically incorrect, does not render the transfer invalid. See Jeffreys v. International Trust Co., 97 Colo. 188, 48 P.2d 1019; Haggin v. International Trust Co., 69 Colo. 135, 169 P. 138; Clayton v. Hallett, 30 Colo. 231, 70 P. 429.
The judgment is affirmed.
SILVERSTEIN, C. J., and COYTE, J., concur.