No. 16,178.

BOYNTON ET AL. *v.* FOX DENVER THEATERS, INC.

(214 P. [2d] 793)

Decided January 30, 1950.

Mr. GEORGE K. THOMAS, for plaintiffs in error.

Messrs. JANUARY & YEGGE, for defendant in error.

*In Department.*

MR. JUSTICE MOORE delivered the opinion of the court.

THE parties to this action appear in this court in the same order as in the trial court, and we will refer to them in this opinion as plaintiffs and defendant.

Plaintiffs brought suit to recover damages for the destruction by fire of the garage premises, operated by them in Leadville, Colorado. They alleged that the fire which caused the damage resulted from the negligence of defendant's employees. Trial was to a jury which returned a verdict in favor of defendant, upon which judgment was entered. Plaintiffs seek reversal by writ of error.

The garage premises in question fronted on Harrison Avenue, as did the Liberty Bell Theater which was operated by defendant. Separating the theatre premises from the property of plaintiffs was Peck's pool hall. The garage building and theatre building extended from the front property line to the alley line in the rear, but the pool hall did not, and in the rear thereof there was an open space of a depth of about sixty feet unoccupied by any buildings except a "coal house" about 8 by 13 feet in size near the alley line.

On June 29, 1942, the date of the fire, and for about one year prior thereto, defendant had burned trash, consisting of paper, popcorn containers and refuse deposited on the floor by patrons of the theatre, in iron oil drums or barrels placed at the southwest corner of the theatre near the south wall and close to the alley line. Fire was discovered in the Boynton garage on June 29, 1942, at about 1:00 P.M. Plaintiffs allege that the "agents of the defendant corporation, negligently, wrongfully, illegally and with total disregard to the lives, safety, property of others burned its paper, trash and debris outside the exterior south rear wall of its theater building in Leadville, Colorado by burning the same in three exposed, uncovered and unprotected metal oil drums or barrels, at times without an attendant to guard and watch the flames or premises and that they thereby caused burning sparks cinders and debris to escape from said barrels and land on the north rear wall of the plaintiffs' building, igniting the wooden framework thereof so that the entire building

and its contents were consumed and destroyed * * *." The foregoing allegations were denied by the defendant.

The verdict of the jury, over the signature of the foreman, was as follows: "We, the jury, find the issue herein joined for the defendant." Upon the verdict in a juror's handwriting, was the word "unavoidable."

Counsel for plaintiffs contends that the endorsement of the word "unavoidable" upon the verdict, "discloses that the same was returned in favor of the defendant because, in the opinion of the jury, plaintiffs' loss was unavoidable. This renders the return an opinion rather than a verdict." He further contends that the endorsement of the word "unavoidable" on the verdict indicates that the jury reached the verdict "solely on the Court's Instruction No. 10 as to 'unavoidable accident,' " and that because there was no evidence warranting it, instruction No. 10 should not have been given. It is further contended, as grounds for reversal, that the trial court erred in refusing to give an instruction tendered by plaintiffs relating to intervening causes, which tendered instruction was as follows:

"If the combination of the negligent acts of two or more persons gives force and direction to events necessarily resulting in damages, they are jointly and severally liable and the intervening negligence may not be interposed as a defense to the primary cause.

"If you find from the evidence, therefore, that the fire reached the plaintiffs' premises through the medium of trash or inflammable material negligently permitted to be and remain on premises intervening between the plaintiffs' building and the theatre, that fact does not excuse the defendant from its negligence if such you should find in maintaining and operating its incinerator without regard to whose negligence the proximate cause of the injury can be subscribed."

Plaintiffs' complaint contained two causes of action. In the first thereof, counsel attempted to set forth a cause of action based upon the maintenance by the de-

fendant of a private nuisance. Defendant's counsel filed a motion to dismiss the "first cause of action" of the complaint on the ground of insufficient statement of facts to afford relief. This motion to dismiss was sustained, and an order was entered dismissing the first cause of action. Although the alleged error of the trial court in ordering such dismissal was not mentioned in the motion for a new trial, it is argued in this court that the order of dismissal, as entered, was defective and erroneous because it contained no recitation of an election by the plaintiffs to stand on their first cause of action, and that no opportunity was afforded plaintiffs to amend. Plaintiffs' counsel further argues that the first cause of action in the complaint stated sufficient facts, and notwithstanding the adverse judgment on the issue of defendant's negligence, which was the basis of the second cause of action, he contends that they are entitled to a determination by a jury upon the issue of the alleged maintenance of a nuisance by the defendant.

### Questions to be Determined.

First: *In an action for damages resulting from alleged negligence, in which the jury was instructed upon the defense of unavoidable accident and in which it found the issues in favor of the defendant, does the endorsement upon the verdict, in the handwriting of a juror, of the word "unavoidable" require a reversal of the judgment entered upon the verdict?*

The question must be answered in the negative. No objection was made to the instruction submitting the issue of unavoidable accident to the jury, and, under Rule 51, R.C.P. Colo., plaintiffs cannot prevail upon the ground of error in an instruction to which they made no objection upon the trial. *Thompson v. Davis*, 117 Colo. 82, 184 P. (2d) 133. Although the endorsement of the word "unavoidable" upon the verdict might tend to show that the jury considered the facts to be

within the court's instruction relating to unavoidable accidents, it does not indicate that it failed to consider all the court's instructions "as they were connected with and related to each other as a whole." The language of the verdict, "We, the jury, find the issue herein joined for the defendant," is clear. The endorsement of the word "unavoidable" upon it creates no uncertainty as to what result the jury intended. It is mere surplusage and was properly disregarded by the trial court. *Morgan v. Gore,* 96 Colo. 508, 44 P. (2d) 918. It is a general rule that a verdict should be construed, if possible, in such manner as to make it effective rather than void, and mere irregularity in the form thereof should be disregarded if it fairly appears that the jury intended to render a verdict for one party against the other. *Mitchell v. Crowl,* 57 Colo. 405, 140 Pac. 793; *Sherman v. Randle,* 79 Colo. 243, 245 Pac. 717.

Second: *Are plaintiffs entitled to a reversal of the judgment because of the refusal of the trial court to give the tendered instruction relating to intervening causes?*

This question is answered in the negative. Plaintiffs' counsel contends that there was evidence tending to establish that the operators of the pool hall, which separated plaintiffs' property from that of defendant, were negligent in leaving trash in the back yard which "constituted concurrent negligence contributing to the fire" which destroyed plaintiffs' property. Suffice it to say, that a careful examination of the evidence discloses no such evidence. There was no evidence relating to the subject of intervening causes contributing to the damage of plaintiffs warranting any instruction upon that subject, and the court did not err in refusing to give the tendered instruction.

Third: *Does the fact that the trial court dismissed the first cause of action of plaintiffs' complaint require a reversal of the judgment?*

The question is answered in the negative. The al-

leged error of the trial court in dismissing the first cause of action set out in the complaint is not mentioned in the motion for a new trial, and cannot require reversal when argued for the first time in this court on writ of error. Rule 59 C (e), Rules of Civil Procedure. Moreover, the said first cause of action was properly dismissed upon the merits; reduced to its substance counsel therein alleged (a) the defendant burned trash in exposed oil drums; (b) burning sparks from the drums set fire to plaintiffs' building. There is no allegation that defendant violated an ordinance or statute, or that the act of burning the trash was unlawful; neither is there any allegation that defendant was negligent. The burning of trash on the rear of one's premises is not negligence per se. Before such an act becomes actionable there must be an allegation that the burning was done in a negligent manner. The general applicable rule is stated in 22 Am. Jur. 604, §15, as follows: "It is a general rule that where an owner or occupant of property sets out fire on his own premises for a lawful purpose, and not in violation of any statute, he is not, in the absence of a statute to the contrary, liable for damage caused by the spread of the fire to the property of another, unless he was negligent in starting or in not controlling the fire. Conversely, a person who purposely kindles a fire on his premises for a lawful purpose is liable for damages caused by its spread, if he is negligent either in kindling or managing the fire. Thus, a person may ordinarily kindle a fire upon his premises for purposes of husbandry, or in clearing land for some other purpose, and in the absence of negligence, he is not liable for damages caused by its spread." Applying this rule, it is clear that a valid claim against the defendant is not stated in the first cause of action, and the trial court did not err in dismissing it. The order of dismissal was entered November 2nd, 1945. Defendant answered the complaint December 18, 1945. The case was not tried until August 19, 1947. Counsel for plain-

tiffs tendered no amendment, nor did he make any request at any time before trial for leave to amend the first cause of action following the dismissal thereof. The contention that no opportunity was afforded to amend is without merit.

There is ample evidence from which the jury might have found an absence of negligence on the part of defendant; or that the burning of the trash by defendant was not the proximate cause of the fire; or that the cause of the fire was not known. The verdict being thus supported, and there being no reversible error in the points upon which plaintiffs rely, the judgment is affirmed.

MR. CHIEF JUSTICE HILLIARD and MR. JUSTICE JACKSON concur.