No. 16,928.

McClung *v.* Griffith.

(255 P. [2d] 973)

Decided April 6, 1953.

Mr. J. H. Boutcher, Mr. Brian H. Goral, Mr. Francis D. Riebscheid, for plaintiff in error.

Mr. Howard Roepnack, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the court.

We will herein refer to plaintiff in error as McClung, and to defendant in error as Griffith.

January 11, 1952, Carney Lumber Company, Colorado Duntile Products Company and Central Mix Concrete Company filed in the district court of Jefferson county their complaint against Griffith and three other defendants. The action was for the foreclosure of mechanics' liens theretofore filed against real estate in Jefferson county, the fee title to which was held by Griffith.

February 16, 1952, plaintiffs filed with the clerk of said district court their motion to dismiss, which was as follows:

"Comes now the plaintiffs by their attorney, Warren Kent Robinson, and move the Court as follows:

"1. That the action of the plaintiffs against the defendant, Kean Griffith, be dismissed with prejudice at the cost of the plaintiffs.

"2. That the action to enforce the mechanics' liens of the several plaintiffs recorded in Book 730 at page 1, in Book 730 at page 3 and in Book 731 at page 375 be dismissed with prejudice.

"3. That the causes of action of the plaintiffs be dismissed without prejudice against the defendant, Allied Milling and Lumber Manufacturing Company.

Warren Kent Robinson,<br>Attorney for Plaintiffs."

No appearance had been entered by any defendant at the time the foregoing motion was filed, and on February 18th a formal order dismissing the action was entered by the trial court. The same day McClung filed in said action his motion to intervene, in which he requested leave to file a complaint against Griffith, and alleged that he claimed a lien against said real estate for material and labor supplied thereon.

It appears that on February 1, 1952, McClung filed a complaint which was entitled in the same manner as the complaint originally filed by Carney Lumber Company, et al. against Griffith et al., except that there was added thereto, after the identification of the defendants, the following: "S. R. McClung, doing business as United Sheet Metal & Heating Co., Intervenor."

This complaint was filed as a new and independent action and was numbered 7815, whereas the action first instituted was numbered 7787. In the action numbered 7815 there was filed a "Motion to Intervene," the intent of which apparently was to seek an order of court permitting the intervention of McClung in cause No. 7787.

Counsel for McClung in their brief admit that at the time of the dismissal of the action in which they sought to intervene, the court did not have actual knowledge "of the suit in intervention." They explain the situation by saying, "When suit was filed on February 1, 1952, the clerk of the Court inadvertently, erroneously or negligently, assigned to this suit a new Civil Action No." The "Motion to Intervene" first filed by McClung was filed in case number 7815. They assert that the "attorneys of record" were placed upon notice that McClung was filing a "suit in intervention," because it is claimed that, "motion and notice to intervene were sent to the attorney for the defendant, Kean Griffith, and to the attorney for the plaintiffs on February 15, 1952." They completely overlook the fact that no appearance was made in the original action, and that there was no attorney of record for defendants on whom any notice could be served; moreover, the record fails to show a service by McClung of a valid notice of any kind on any person in cause No. 7785 or cause No. 7815. The instrument to which they refer as establishing the issuance and service of notice is fatally defective, even though we assume that those to whom it was addressed were authorized representatives of the parties to the original action. The certification of mailing is not signed by

318

anyone. Counsel for McClung further assert that, "Summons in intervention was served on the defendant February 14, 1952." The record before us discloses no summons whatever, and no proof of service of summons.

Counsel for Griffith, appearing for the first time on March 20, 1952, after the action had been dismissed as to all defendants, filed a motion to dismiss the petition in intervention. As grounds for this motion it was alleged:

(1) That the action was dismissed and that McClung could not intervene in an action that had been terminated. (2) That in the complaint filed by McClung he fails to state a claim upon which relief can be granted, and for that reason intervention should be denied, even if the action were still pending.

■ The trial court sustained the motion to dismiss, and denied the motion of McClung to intervene. The writ of error is directed to that order, which concludes with the following statement: "Dated this 29th day of May, 1952, as of May 3, 1952, being the date hearing was had and orders made." Thus twenty-six days elapsed after the hearing before any formal order was signed. During this time nothing was done by counsel for McClung. The order of which complaint is made does not dispense with the necessity of filing a motion for new trial, or rehearing. No motion for new trial or rehearing was filed, and no opportunity was afforded the trial court to correct any alleged error of which McClung now complains.

■ The first point urged for reversal is in the following language: "All mechanics' lien claimants of record should have been made parties to an action to foreclose on a mechanic's lien. Their rights should be protected and enforced in one judgment."

There is a very clear answer to this statement. Section 25, chapter 101, '35 C.S.A., provides, inter alia: "All persons having claims for liens, the statements of which shall have been filed as aforesaid, shall be made parties to the action. * * * Any party claiming a lien, not made

a party to such action, may, at any time within the period provided in section 23 of this chapter, be allowed to intervene by motion, upon cause shown, and may be made a party * * *."

No showing whatever is made in the record that any motion for intervention was made "within the period provided in section 23 of this chapter." Moreover, upon the face of the complaint which was filed in support of the motion to intervene, it affirmatively appears that McClung had no rights as a lien claimant. The property involved was in Jefferson county and the action was filed in that county. In the complaint filed by McClung it is alleged that, "The intervenor made and verified and on September 10, 1951 filed for record in the office of the clerk and recorder of the County of Adams, State of Colorado its lien claim against said real property * * *." Said complaint sets forth the book number and the page thereof where the filing of said statement in Adams county may be found. No contention is made that this statement is a typographical error, and no request appears to amend it to show that in fact the statement was filed in Jefferson county.

The second point urged for reversal reads as follows: "The Court erred in dismissing the foreclosure of lien claimants' suit with prejudice when a suit in intervention had been filed by the intervenor and was docketed in the clerk's office and notice had been duly given."

We already have pointed out that no valid notice is shown by the record to have been given concerning the filing of any motion to intervene. Rule 24 C (c) R.C.P. Colo. provides: "A person desiring to intervene shall serve a motion to intervene upon all parties affected thereby. The motion shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought."

In the instant case there is a complete failure to comply with this rule. The complaint, in support of the motion (which was filed as a new case) setting forth

the claim for which intervention was sought, showed upon its face that no relief could be granted thereunder. No offer or motion to amend the complaint was made in order to supply elements absolutely essential to the maintenance of any action by McClung.

■ Although the trial court orally dismissed the motion for intervention May 3, 1952, counsel for McClung took no further action until June 17, 1952, when an instrument entitled, "Motion for Time to Appeal," was filed, in which the trial court was asked to fix a time within which transcript of the record might be prepared and filed. Thus counsel elected to stand upon the record as made. Nothing contained therein supports any argument made for reversal.

The judgment is affirmed.

MR. JUSTICE HOLLAND not participating.