No. 18039.

JOSEPH S. KOPFF, ET AL. *v*. ROBERT JUDD.
(304 P. [2d] 623)

Decided November 19, 1956.   Rehearing denied December 17, 1956.

Mr. WALTER M. SIMON, Mr. FRANCIS P. O'NEILL, Mr. WILLIAM J. ANDERSON, and Mr. JULIUS F. SEEMAN, for plaintiffs in error.

Messrs. CREAMER and CREAMER, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

PLAINTIFFS in error were plaintiffs and defendant in error was one of two defendants in the trial court. We will refer to the parties by name or as they appeared in the court below.

Joseph and Claire Kopff are the owners of certain real property. They brought suit against defendant Judd and one Quinn and alleged that by reason of the act of Quinn in laying a floor the house caught fire damaging personal belongings as well as the building. Ancillary attachment proceedings were commenced as to defendant Judd and his real estate was subjected to levy thereunder. The affidavit in attachment was traversed by Judd, and a motion to dismiss for failure to state a claim, together with other motions, was filed by him. An amended complaint was filed in which the insurance companies were joined as plaintiffs as the real parties in interest, having paid the loss suffered by the original plaintiffs Joseph and Claire Kopff. The parties stipulated that the motion filed to the original complaint should be directed to the amended complaint. After argument of these motions the trial court dismissed the amended complaint for failure to state a claim for relief, and dissolved the attachment as having been improperly invoked in the first instance. This action was taken June 6, 1956, and the trial court granted plaintiffs twenty days within which to file a second amended complaint. No such complaint was filed but a "Motion to Vacate Order Sustaining Judd Motion to Dismiss" was filed by them and this motion was set for hearing.

Before the date of the hearing plaintiffs caused writ of error to issue from this court. Apart from the above-mentioned motion, which was not decided, no motion for new trial was filed relating to the dissolution of the attachment writ or the judgment of dismissal, and no order dispensing therewith was entered.

When plaintiffs' motion came on to be heard the trial court was informed of the issuance of the writ of error, whereupon it declined to proceed further on the ground that it had lost jurisdiction. Thereupon plaintiffs filed in this Court their motion in which it is alleged that the only matter to which the writ of error was directed was the judgment entered by the trial court by which the writ of attachment was dissolved. The prayer of said motion is that, "An order may enter whereby the Clerk of this Court shall be directed to amend said Writ of Error so that the same shall be limited to the issues involved in the attachment proceedings in this case."

It is argued on behalf of plaintiffs that an order dissolving an attachment is a "final judgment" to which a writ of error may be directed, and that because the intention of plaintiffs was only to seek review of that order we should now grant their motion.

Counsel for defendant Judd argue that when the trial court granted the motion to dismiss with permission to file an amended complaint, an election of remedies was presented, either to file that amended complaint or to stand on the dismissed complaint and pursue a remedy by writ of error from this Court, and that when plaintiffs filed their praecipe for writ of error, unqualified and unlimited, they elected to pursue the latter remedy and are bound by that election.

Questions to be Determined.

First: *When a trial court enters an order in attachment proceedings dissolving the writ and releasing the property involved from the lien thereof, has a "final judgment" been entered to which a writ of error may be directed?*

■ This question is answered in the affirmative. R.C.P. Colo., 102 (aa), applicable to attachment proceedings, provides inter alia:

"Appeals from the county court to the district court and writs of error may be taken and prosecuted from any final judgment or order in such proceedings as in other civil cases. *Any order by which an attachment or garnishment is released or sustained is a final judgment.*" (Emphasis supplied.)

Thus it is very clear that the express language of the rule adequately disposes of the question.

Second: *Where a final judgment has been entered in attachment proceedings, can the party adversely affected thereby proceed on writ of error where no motion for new trial was filed, and no order dispensing with such motion was entered by the trial court?*

■ This question is answered in the negative. Rule 102 (aa) R.C.P. Colo., provides in part:

"Motion for new trial may be made in the same time and manner, and shall be allowed in attachment and garnishment proceedings as in other actions."

Thus it is clear that all steps necessary to effectively prosecute error to the usual judgment in civil actions also is essential to validate a writ of error to a final judgment in attachment proceedings.

Rule 59 (f) R.C.P. Colo., is as follows:

"The party claiming error in the trial of any case must, unless otherwise ordered by the trial court, move that court for a new trial, and, without such order, only questions presented in such motion will be considered on review."

We have on numerous occasions made clear that compliance with this rule is essential to the right to seek review by writ of error. *Galiger v. Armstrong,* 114 Colo. 397, 165 P. (2d) 1019; *Campbell, et al v. People,* 124 Colo. 8, 232 P. (2d) 738; *Boynton, et al. v. Fox Theaters,* 121 Colo. 227, 214 P. (2d) 793.

It appearing conclusively from the record before us

that there has been no compliance with this rule, upon the court's own motion the writ of error should be, and it accordingly is, dismissed.

ON PETITION FOR REHEARING.

It is argued by counsel for plaintiffs that the issue which we are called upon to determine is solely a question of law and that no motion for a new trial is essential under such circumstances. The case of *Blanchard, et al. v. Holland, et al.*, 106 Colo. 147, 103 P. (2d) 18, is cited as authority for that proposition. That case, however, was decided before the adoption of the Rules of Civil Procedure. Section 424 of the Code of Civil Procedure, and former Supreme Court Rule No. 8, controlled the decision in that case, in which we undoubtedly correctly applied the statutory provisions in effect at the time.

The case of *Galiger v. Armstrong*, 114 Colo. 397, 165 P. (2d) 1019, also is cited as sustaining plaintiffs' contention. Our opinion in that case includes the following statement:

"Plaintiff in error filed no motion for new trial, nor did the court dispense with the necessity of filing such a motion. In such a situation it is firmly established under Rule 59C (e), R.C.P. Colo. (the counterpart of our former Rule 8), that issues of fact determined by the trial court will not be reviewed, and that consideration may be given only to such specifications as involve questions of law."

It was determined, however, that the record in that case disclosed a situation involving questions of fact. In using the language above quoted, we overlooked the substantive difference brought about by the adoption of the Rules of Civil Procedure in which Section 424 of the Code of Civil Procedure was eliminated.

More recently, in cases involving only questions of law, this court has held that a motion for new trial or an order dispensing therewith is a prerequisite to review by writ of error. In *Boynton, et. al. v. Fox Denver Thea-*

*ters, Inc.,* 121 Colo. 227, 214 P. (2d) 793, the question was whether the trial court erred in dismissing the first claim set forth in the complaint. In answering the question in the negative we said: "The alleged error of the trial court in dismissing the first cause of action set out in the complaint is not mentioned in the motion for a new trial, and cannot require reversal when argued for the first time in this court on writ of error." The propriety of the action of the trial court in dismissing the first claim was a pure question of law. To like effect are the cases of *Security Building Company v. Lewis,* 127 Colo. 139, 255 P. (2d) 405; *McClung v. Griffith,* 127 Colo. 315, 255 P. (2d) 973; *Platte Valley Elevators Company v. Gebauer,* 127 Colo. 356, 256 P. (2d) 903; *Knapp v. Fleming, et al.,* 127 Colo. 414, 258 P. (2d) 489; and *Geisler v. People,* 127 Colo. 336, 256 P. (2d) 564.

In order that the matter may be finally set at rest, we hold that under the Rules of Civil Procedure a motion for new trial must be filed, or an order dispensing therewith be entered, as a prerequisite to the right of a party to seek review in this court. This rule applies in cases where a review of a pure question of law is sought, as well as for a review of questions of facts.

The petition for rehearing is denied.