## No. 19,443.

### BURT CHEVROLET, INC. *v.* EDGAR BARTH.
(355 P. [2d] 533)

Decided September 26, 1960.

Mr. EMORY L. O'CONNELL, Mr. CECIL R. DITSCH, for plaintiff in error.

No appearance for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

ON September 25, 1956, Burt Chevrolet, Inc., filed an action against Edgar Barth to enforce collection of the sum of $2,302.30 alleged to be owing on a transaction involving the purchase of a motor vehicle. In this action

Chevrolet caused a writ of attachment to issue and funds of Barth impounded by garnishee summons.

Barth filed his answer and counterclaim and a "Motion to Dissolve the Attachment." A few days thereafter a "Revised Motion to Dissolve Attachment" was filed by him. These motions were overruled by the trial court and the cause proceeded to trial. Judgment was entered in favor of plaintiff on its complaint and against Barth on his counterclaim. Barth thereupon brought the action to this court by writ of error. The judgment was reversed and the cause remanded for a new trial. *Barth v. Burt Chevrolet, Inc.*, 140 Colo. 128, 342 P. (2d) 637.

The validity of the action of the trial court in denying the motions to dissolve the attachment writ was not involved in the prior proceedings in this court. Following the remand to the district court Barth again filed a motion to dissolve the attachment. This motion was heard by a judge other than the one who presided at the first trial and the motion was sustained. Thereupon Burt Chevrolet, Inc., brings the cause to this court for review of the judgment of the trial court purporting to dissolve the writ of attachment.

We are not favored with an appearance for Edgar Barth in this proceeding.

It is argued as grounds for reversal of the judgment that:

"A. Any alleged irregularity as to the attachment proceedings was waived by the original motion to dissolve the attachment and the filing of the answer on the merits.

"B. The original order denying defendant's motion to dissolve writ of attachment became a final order on December 10, 1956, and no appeal from said order was taken within the time provided by the Colorado Rules of Civil Procedure.

"C. The original order denying motion to dissolve attachment became the law of this case because no appeal was taken in the time provided, but if such appeal be

considered to have been in time, the opinion and judgment of this Court in Case No. 18,262 left the original order of denial as the law of the case."

It is sufficient for the determination of this cause to consider but one of the foregoing points, namely, that set forth in "B" above. Rule 102 (aa), R.C.P. Colo., provides in pertinent part that: " * * * Any order by which an attachment or garnishment is released or sustained is a final judgment." This rule was recognized and applied in *Kopff v. Judd,* 134 Colo. 330, 304 P. (2d) 623.

The original judgment entered by the trial court which sustained the attachment was a final judgment. No writ of error issued to review it. The parties to the action were then, and now are, bound by that judgment.

The fact that this court reversed the judgment entered upon the merits of the claim of Burt Chevrolet did not reopen the question of the validity of the attachment proceedings. The final judgment upholding the writ of attachment, not having been questioned in the proceedings on error here, the trial court was precluded from reconsidering that issue.

The judgment is reversed and the cause remanded with directions to strike the motion to dissolve the writ and to reinstate the attachment.