Dennis Wayne COOLEY, Plaintiff–
Appellant and Cross–Appellee,

v.

PARAHO DEVELOPMENT CORPORA-
TION and Development Engineering,
Inc., Defendants–Appellees and Cross–
Appellants.

Nos. 91CA0404, 91CA0859.

Colorado Court of Appeals,
Div. III.

Sept. 24, 1992.

Rehearing Denied Oct. 29, 1992.

Certiorari Granted April 26, 1993.

Nicholas W. Goluba, Jr., Glenwood Springs, for plaintiff-appellant and cross-appellee.

Hall & Evans, Alan Epstein, Mann & Shappell, W. Berkeley Mann, Jr., Denver, for defendants-appellees and cross-appellants.

Opinion by Judge CRISWELL.

Plaintiff, Dennis Wayne Cooley, appeals from the trial court's order striking the jury's award of damages for economic losses and reducing the jury's award for noneconomic losses. Defendants, Paraho Development Corporation and Development Engineering, Inc., cross-appeal the judgment entered on the jury's verdict in favor of the plaintiff. We affirm in part and reverse in part.

This action arose out of an accident in which a motorcycle driven by plaintiff collided with another vehicle. Plaintiff suffered injuries including a ruptured stomach and the loss of his spleen, left kidney, and part of his pancreas. He sued defendants claiming that they had negligently maintained a private roadway and adjoining land, over both of which they had control, so as to create dangerous conditions which led to the accident.

The jury returned verdicts in favor of plaintiff awarding him $350,000 for noneconomic damages and $350,000 for economic damages. It did not award him any damages for any claimed physical impairment.

## I.

In their cross-appeal, defendants argue that the trial court erred in failing to grant their motion for directed verdict because they did not owe plaintiff a duty of due care. We disagree.

Generally, when addressing the question whether a directed verdict is proper, a court must view the evidence and all reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *Metropolitan Gas Repair Service, Inc. v. Kulik*, 621 P.2d 313 (Colo.1980).

Whether a defendant owes a plaintiff a legal duty is a question of law to be determined by the court. *Metropolitan Gas Repair Service, Inc. v. Kulik, supra*.

In considering this issue, the court must weigh various factors, including the foreseeability that harm to plaintiff might result from a defendant's action or inaction. *Observatory Corp. v. Daly*, 780 P.2d 462 (Colo.1989).

However, in considering the foreseeability factor in the context of the duty issue, if the court determines that differing factual inferences may be drawn from the evidence, a motion for directed verdict should be denied, and the issue of foreseeability must be submitted to the factfinder. *See Sewell v. Public Service Co.*, 832 P.2d 994 (Colo.App.1991).

The accident in this case occurred on a private roadway which encircled what was called the Anvil Points housing area. This roadway and the entire housing development were on property owned by the United States government and leased from the government by the defendants. At the time of the accident, plaintiff's family was leasing a house in the Anvil Points housing area from defendants. According to the testimony, the housing development was inhabited mostly by defendants' employees, and the private oval drive was used almost

exclusively by the Anvil Points housing residents.

At trial, the evidence established that the accident occurred when a United States mail carrier entered the oval roadway from a public road around a "blind curve in the path." Plaintiff presented evidence that an embankment, uncut brush, and a large sign maintained by defendants obstructed the view of both the drivers involved in the collision.

In addition, evidence was presented that, while the oval had previously been restricted to one-way traffic, two-way traffic had been permitted by defendants sometime before the accident. Further evidence indicated that such was done even though the roadway's intersection with the public road was improperly designed and had inadequate traffic controls for such traffic flow. Finally, there was testimony indicating that defendants were aware of the dangers presented by these conditions.

We conclude that there was sufficient evidence to support a reasonable inference that the risk of harm, as a result of these conditions, was reasonably foreseeable. Consequently, the trial court did not err in denying defendants' motion for a directed verdict.

█ We also reject defendants' argument that it did not owe plaintiff a duty because the conditions, at least with respect to the foliage and the embankment, were natural conditions of the terrain. The cases cited by defendants in support of this contention are clearly distinguishable from the facts in this case.

Here, the land possessed by defendants was not in its natural state, but consisted of private roadways, structures, and other conditions under defendants' control. Indeed, even the embankment was not in its natural state, but had been subject to alteration.

The factual circumstances here, furthermore, made the relationship between plaintiff and defendants analogous to the relationship between a landlord and a tenant in which the landlord grants to the tenant the right to make use of hallways, parking lots,

driveways, and other common areas. Under such circumstances, the landlord, under the common law, had a duty to use due care in maintaining those areas in a safe condition. *Van Schaack & Co. v. Perkins*, 129 Colo. 567, 272 P.2d 269 (1954).

This duty of care included the duty to discover and remedy defects in the premises. *Security Building Co. v. Lewis*, 127 Colo. 139, 255 P.2d 405 (1953); Restatement of Torts (Second) § 361 (1965). And, because the accident occurred prior to the adoption of any statute upon the subject, later statutory enactments are inapplicable. *See* § 13–21–115, C.R.S. (1987 Repl.Vol. 6A).

Therefore, because the area in question was a private roadway under defendants' control that was used by defendants' residential tenants, we conclude that they had a duty of due care to keep and maintain all of the premises, including this roadway and the abutting property, in a safe condition. Based upon the evidence presented, a reasonable factfinder could determine that defendants violated that duty.

## II.

█ In his appeal, plaintiff contends that the trial court erred in its application of the noneconomic damages limit established by § 13–21–102.5, C.R.S. (1987 Repl. Vol. 6A). We agree.

Section 13–21–102.5(3)(a), C.R.S. (1987 Repl.Vol. 6A) states:

In any civil action in which damages for noneconomic loss or injury may be awarded, the total of such damages shall not exceed the sum of two hundred fifty thousand dollars....

In *Niemet v. General Electric Co.*, 843 P.2d 87 (Colo.App.1992), a panel of this court concluded that, before applying this statutory limit to an award for noneconomic damages, a court must first apportion liability based upon the relative degree of negligence among the joint tortfeasors.

Here, the jury awarded the plaintiff $350,000 for noneconomic damages and $350,000 for economic damages. The trial court initially reduced the verdict by 80%,

which represented the negligence of all persons other than defendants, and entered judgment in the amount of $140,000 ($70,000 for noneconomic damages and $70,000 for economic damages). Later, however, the trial court, applying § 13–21–102.5, reduced the jury's determination of noneconomic damages to $250,000 and thereafter reduced this sum by 80%, representing the negligence of parties other than defendant. As a result, judgment entered for plaintiff for $50,000, rather than for $70,000, for noneconomic damages.

The decision in *Niemet v. General Electric Co.*, *supra*, is dispositive of the issue raised here. The court's initial computation of the amount of the judgment to be entered for noneconomic damages was correct; it erred in changing that computation. Accordingly, the judgment for plaintiff for noneconomic damages must be increased by the sum of $20,000.

### III.

■ Plaintiff next argues that the trial court erred in setting aside the jury's award for economic damages because it was inconsistent with the jury's failure to award damages for physical impairment. Again, we agree.

Section 13–21–102.5(3), C.R.S. (1987 Repl. Vol. 6A) places a limit upon those damages which may be recovered for "noneconomic loss or injury." Such losses include harm resulting from "pain and suffering, inconvenience, emotional stress, and impairment of the quality of life." At the same time, no limit has been placed upon the recovery of compensatory damages either for economic losses or "for physical impairment or disfigurement." Section 13–21–102.5(5), C.R.S. (1992 Cum.Supp.).

This statute, therefore, establishes three separate categories of loss for which damages may be awarded in a personal injury action—economic damages, noneconomic damages, and damages for physical impairment or disfigurement. *Herrera v. Gene's Towing*, 827 P.2d 619 (Colo.App.1992). *See CJI–Civ.3d* 6:1A (Version 2) (1989).

In accordance with *CJI–Civ.3d* 6:1A (Version 2), the jurors here were instructed that they should award noneconomic damages based upon plaintiff's *past or future* losses or injuries for "pain and suffering (mental and physical); inconvenience; emotional stress; increased risk and susceptibility to future illness or injury and impairment of the quality of life."

Likewise, they were instructed that damages for *past and future* economic losses were to include "loss of earnings or impairment of earning capacity [and] reasonable and necessary medical, hospital and other expenses."

In addition, the jurors were informed that they should also award damages for "any physical impairment." However, unlike the instruction's description of noneconomic and economic damages, it contained no description of the nature of the damages recoverable for physical impairment.

In addition, the instruction told the jurors that, in considering plaintiff's noneconomic and economic damages, they were not to "consider actual damages for physical impairment." And, they were also told that, in considering damages in the physical impairment category, they should "not award damages *again* for loss or injuries *already* compensated" under either of the other two categories. (emphasis supplied)

Defendants do not claim that the *form* of this instruction was erroneous. Hence, we do not consider whether that instruction does or does not comply with the statutory mandates.

Defendants assert, however, that, under the specific directions contained in this instruction, the jury's failure to award any damages under the third category for physical impairment is inconsistent with its award of damages for economic losses. We disagree.

The instruction given specifically enjoined the jury to assess damages under the first two categories for injury or losses which, under the evidence here, plaintiff could not have sustained absent a physical impairment. For example, absent a physical impairment, plaintiff could not have sustained a future loss of earnings or a future impairment of earning capacity.

And, absent such an impairment, no award for future pain or suffering or future impairment of the quality of life would have been proper. Yet, particularly in light of the amount of damages assessed by the jury for each of these categories, it is reasonably inferable that the amounts awarded included reimbursement for such losses.

Further, the jury was *not* instructed that its assessment of damages for the elements of loss described under the first two categories was to be made under the third category as damages for "any physical impairment." As noted, the court's instruction failed to inform the jury of the nature of the damages to be awarded in this category. Hence, the jurors reasonably could have concluded that all damages for those elements specified under the economic and noneconomic damage categories were required to be included under those two categories and that the damages assessable under the third category were to recompense plaintiff for injury or losses different from, and in addition to, the injuries or losses specifically referred to under the first two categories.

Indeed, our review of this instruction leads us to conclude that this is the most logical interpretation of its language.

Consequently, the jury's verdict, given a reasonable interpretation in light of the instruction pursuant to which it was rendered, constitutes a finding that plaintiff sustained a physical impairment, that such impairment will result in future pain and suffering and future impairment of plaintiff's earning capacity and quality of life, but that plaintiff had not and will not suffer any *additional* losses as a result of that physical impairment.

Therefore, because there is a reasonable explanation for the jury's verdict, it is not internally inconsistent, and the court erred in setting aside its award for economic damages. *See Hoffman v. Schafer,* 815 P.2d 971 (Colo.App.1991), *aff'd on other grounds,* 831 P.2d 897 (Colo.1992).

### IV.

In light of the conclusions expressed above, we need not address the other issues raised by the parties.

That part of the judgment denying damages to plaintiff for his economic losses and reducing the jury award for noneconomic damages by $20,000 is reversed, and the cause is remanded to the trial court with directions to amend its judgment in the manner indicated in this opinion. In all other respects, the judgment is affirmed.

SMITH and ROTHENBERG, JJ., concur.