Penny **WILSON** and Virginia Wilson, Plaintiffs–Appellants,

v.

Robert **KIRKBRIDE** and Kathleen Kirkbride, Defendants,

and

State Farm Fire & Casualty Company, Intervenor–Appellee.

No. 94CA0296.

Colorado Court of Appeals, Div. IV.

May 4, 1995.

Rehearing Denied June 29, 1995.

William A. Alexander, Jr., Colorado Springs, for plaintiffs-appellants.

Paul S. Edwards & Associates, Gregory R. Werner, Colorado Springs, for intervenor-appellee.

Opinion by Judge PLANK.

In this personal injury action, plaintiffs, Penny Wilson and Virginia Wilson, appeal the trial court's dismissal of their complaint with prejudice. We affirm.

In August 1989, plaintiffs filed a complaint alleging that they had suffered injuries because of the failure of defendants, Robert W. and Kathleen Kirkbride, properly to maintain the residence which plaintiffs were renting from them. Plaintiffs then filed an amended complaint which they served on defendants' property manager. Defendants' attorney appeared and moved to quash service of the complaint as the property manager was not authorized to accept service on defendants' behalf. This motion was granted.

Plaintiffs then unsuccessfully attempted to serve defendants personally in Virginia. They hired a skip-tracer to locate defendants, but he was not able to do so.

In April 1990, the district court notified plaintiffs that the case would be dismissed without prejudice for failure to prosecute. Plaintiffs filed a motion to retain the case on the active docket, which was granted through and including February 1, 1991.

No further action occurred in this matter until June 1992 when plaintiffs filed a "Verified Motion for Ex–Parte Pre–Judgment Writ of Attachment" requesting attachment of defendants' insurance policy with State Farm Fire and Casualty Co. (State Farm) in effect at the time of the injuries and a "Motion to Set Bond." These motions were granted and plaintiffs were ordered to post a $100 bond.

A copy of the writ of attachment was served on State Farm, which thereafter moved to intervene. This motion was granted.

State Farm filed a motion to vacate the writ of attachment on the grounds (1) that plaintiffs had failed to set forth the efforts they had made to obtain *in personam* jurisdiction over defendants ·as required by C.R.C.P. 102(c)(2); (2) that plaintiffs had failed to post the bond as required by C.R.C.P. 102(d); and (3) that, inasmuch as State Farm had subjected itself to the jurisdiction of the court, the property attached would not be dissipated, transferred, or otherwise encumbered. The court entered an order vacating the writ of attachment on August 5, 1992, but provided no reason for doing so. Plaintiffs filed a motion pursuant to C.R.C.P. 59, which they captioned "Motion to Reconsider." The court denied this motion. A new judge took over the case, which was ultimately dismissed for failure to prosecute on January 10, 1994.

This portion of the procedural history dictates our disposition of this appeal.

Plaintiffs' appeal is premised on their argument that the writ of attachment was improperly vacated, thereby making it impossible for them to subject defendants to the jurisdiction of the court, resulting in the dismissal for failure to prosecute. We agree

with State Farm that we may not consider this issue.

Pursuant to C.R.C.P. 102(y): "Any order by which an attachment is released or sustained is a final judgment." Therefore, the time for filing a notice of appeal began running when the court denied plaintiffs' Rule 59 motion on September 29, 1992. Since plaintiffs filed their notice of appeal on February 23, 1994, more than 45 days from the entry of that order, *see* C.A.R. 4(a), we may not consider their contention. *See Kopff v. Judd,* 134 Colo. 330, 304 P.2d 623 (1956) (same under a previous version of the rule).

Accordingly, the judgment of dismissal must be affirmed.

NEY and RULAND, JJ., concur.